ALBANY,   but the Courts will hold him strictly to his duty.   The She-
Feb. 1824.   riff should have retaken the defendant.   The letting a de-
Sherman   fendant go without taking bail, is not such a voluntary es-
v.   cape as will prevent the Sheriff from retaking him, and
M'Nitt.   having his body at the return of the process.   (Per Ashurst,
J. in 7 T. R. 239.)

WOODWORTH, J.   I think it inferable from the circum-
stances of this case that the Sheriff misconceived the pre-
cise line of conduct which he had a right to pursue in order
to compel the endorsement of an appearance.

Rule absolute.

---

## SHERMAN, by his guardian E. SMITH, *against* JAMES McNITT.

One of several   INGALLS moved for judgment as in case of nonsuit, on the
causes in favor   usual affidavit that this cause had been noticed for trial at
of the same   the last Washington Circuit, where the venue was laid, but
plaintiff, and   though called in its place on the calendar was not tried.
involving the
same defence,
was tried, and   *S. Stevens,* contra, read an affidavit of the plaintiff's at-
verdict for de-   torney in these words : " That a cause in favor of the above
fendant. The   plaintiff against one James Wilson, of the same nature, and for
plaintiff de-
clined trying   the same cause of action, and in which the same defence was
the other   pleaded as in this cause, was tried at the last Circuit in Wash-
causes, and   ington county, and a verdict was found for the defendant ; that
made a case in   a case has been made in said cause, and is noticed for argu-
the one tried;   ment at the present term of this Court ; that when the verdict
and the Court
denied the mo-   in the said cause against Wilson was given, this deponent *in*
tion for judg-   *the presence and hearing of the defendant's counsel,(a)*
ment as in
case of nonsuit
in the others.
But to
avoid paying   (a) This is material in relation to costs.   At this term in *Jackson ex. dem*
the costs   *Bridgen et al.* v. *Van Woert,* and *The Same* v. *The Same,*
which accrue
in the others
subsequent to   *J. L. Viele,* moved for judgment as in case of nonsuit.
the trial of the
first, the plain-
tiff should ap-   *G. W. Kirtland,* contra, opposed on ground similar to that taken in the
prize the de-
fendants of his
intention not
to try.

declined trying this cause before he could get the opinion of the Supreme Court as to the sufficiency of the defence set up in the said cause which had been tried, as the defence in each cause was the same ; *that the defence in this cause depends precisely upon the same question as the defence in the said cause against the said Wilson, which was tried.*"

*The Court*, were inclined to grant the motion, at first, for want of the last sentence of the affidavit, which is in italics ; but on this being added by the plaintiff's attorney, they were clear for denying the motion with costs.

Motion denied.

principal cause, but it not appearing that the plaintiff's attorney or counsel gave notice to the defendant's attorney or counsel, that he should not try the cause depending on the same point with the one tried, THE COURT, though they denied the defendant's motion, ordered the plaintiff to pay the costs of the attendance of the defendant's witnesses, at the Circuit, from the close of the first trial, until the Circuit adjourned.

## BRADSTREET *against* PHELPS.

SUDAM moved for an attachment against the defendant, for non-payment of costs. He produced an original rule in this cause, of the last October term, as follows : " On motion on the part of the defendant in this cause, for judgment as in case of nonsuit, and after hearing counsel for both parties, ordered that the same be denied with costs"—a taxed bill of costs ; and an affidavit of E. W. that on the 11th Feb. 1824, he delivered to the defendant copies of the rule and taxed bill, and at the same time showed him the original, and de-

How costs are to be obtained, when a rule orders them to be paid. The original rule was shown to the party who was ordered to pay with a taxed bill of the costs, copies of both delivered

to him and demand made of the costs, which he refused to pay.
   The party, in such a case, is not allowed 20 days within which to pay the costs.
   Twenty days are allowed only where the plaintiff is allowed to stipulate to try his cause on payment of costs.
   Form of the power from the attorney to demand costs.