## SUPREME COURT.

THE NEW YORK AND ERIE RAIL ROAD COMPANY, Repondents, agt. COBURN, Appellant.

Where commissioners of appraisal, under the 16th section of the general Rail Road act passed April 2, 1850, make a report of their proceedings; on appeal to the court under the 18th section, no affidavits can be read on the review of such an appeal; the court must act solely upon the report of the commissioners. (*This agrees with the decision upon this point in N. Y. and Erie R. R. Co. agt. Corey & Smith*, 5 *How. Pr. R.* 181.)

The appeal given by the 18th section declares that "on the hearing of such appeal, the court may direct a new appraisal before the same or new commissioners, &c." This does not entitle a party as a matter of right to a second hearing and appraisal. The word "*may*" should not be construed, in this act as imperative, that is, equal to "shall" or "must."

*Erie Special Term, August* 1851. At the last February special term, upon the petition of the respondents, commissioners were appointed to ascertain and appraise the compensation to be made to the appellant, for real estate proposed to be taken by the said company for their road. The commissioners made their report, and at the May term it was confirmed. Within twenty days thereafter Coburn gave notice that he appealed from the appraisal and report, and stipulated not to disturb the possession of the respondents. The appeal came on to be heard at the August special term upon notice, and the appellant also served copies of affidavits with notice that they would be read upon the hearing. No objection was taken to the form or sufficiency of the report of the commissioners. The appellant insisted, as a matter of right, that the court was bound to direct a new appraisal. He also offered to read affidavits to show that the compensation awarded was too low. The counsel for the respondents objected to the reading of affidavits. The court heard affidavits upon both sides, reserving the question of their admissibility.

E. MULLETT, *for Appellant.*

TH. P. GROSVENOR, *for Respondents.*

MARVIN, Justice.—This appeal is given by the 18th section of the general rail road act, passed April 2, 1850·

The act declares that "on the hearing of such appeal, the court

may direct a new appraisal before the same or new commission-ers in its discretion." The affidavits can not be read upon the appeal. The appeal is from the " appraisal and report of the commissioners." It brings up their appraisal and the proceed-ings before them as contained in their report; and the proceed-ings are to be reviewed upon the report. It seems from the re-marks of Justice WELLES in N. Y. and E. R. R. Co. agt. Cory & Smith (5 *How. Pr. R.* 181), that this has been so held at a general term in the 7th district.

No authority is given to the court to receive affidavits or fur-ther evidence.

The appellant insists that he is entitled as a matter of right, to a new appraisal. The language of the statute is " the court *may* direct a new appraisal." This is not imperative. The word *may*, when used in a statute, is sometimes construed as meaning *shall* or *must*.

Chancellor Kent, after examining the English cases, says, " in respect to statutes the rule of construction seems to be, that the word *may* means *must* or *shall*, only in cases where the public interest and rights are concerned, and where the public or third persons have a claim *de jure*, that the power should be exercised" (Newburgh Turnpike Co. vs. Miller, 5 *J. Ch. R.* 113: see also Malcom vs. Rogers, 5 *Cow. R.* 188; Mayor of N. Y. vs. Furze, 3 *Hill*, 612; Minor vs. Mechanics' Bank of Alexandria, 1 *Pet.* 64). In the last case the rule stated makes it proper to construe *may*, when used in a statute, as meaning *must* " in all cases where the legislature mean to impose a positive and ab-solute duty, and not merely to give a discretionary power." It is added, " but no general rule can be laid down upon this sub-ject, further than that exposition ought to be adopted in this as in other cases, which carries into effect the true intent and object of the enactment. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions.".

In the present case it is insisted that the legislature intended in all cases to give to the land owner the right of a *new appraisal*,

New York and Erie Rail Road Co., Respondents, agt. Coburn Appellant.

and that such intention is evidenced by the general scope and provisions of the act. The 14th section authorizes the company to present a petition to the court, and declares what allegations it shall contain, and the practice to be adopted. By the 15th section, those interested in the land may show cause against the prayer of the petition, and may disprove any of the facts alleged in it. The 16th section prescribes the duties of the commissioners, and directs that they make a *report of the proceedings* before them, with the minutes of the testimony, taken by them, if any. By the 17th section the report, if conformable to the provisions of the act, is to be confirmed. The 18th section gives the appeal, and upon the hearing the court may direct a new appraisal. The second report is to be final and conclusive upon all the parties interested. If the amount of compensation is diminished by the second report, the appellant is to refund the difference. It is argued that these provisions indicate an intention to give the land owner a second hearing before commissioners, at the risk of having the amount of the first appraisal reduced. I am not able to see any thing in these provisions indicating the intention of the legislature that a second appraisal may be claimed as a matter of right.

The statute carefully guards the rights of the land owner. The duties of the commissioners are clearly defined. They are to view the premises and to hear the proofs and allegations of the parties and reduce the testimony taken by them to writing. The party whose land is to be taken has here a full opportunity to be heard—a complete trial. He may call and examine witnesses, and their evidence is to be preserved and reported to the court. If he appeals, the court will review the proceedings of the commissioners. This will include their decisions and an examination of the evidence. Errors may have been committed by the commissioners, which may appear from their report, but which could not be raised as objections to its confirmation. These are to be considered upon the appeal.

Every party has a right to be once heard, but I know of no principle giving him the right to demand a second hearing or

226 NEW-YORK PRACTICE REPORTS.

trial, when no error has been committed upon the first, unless such right is expressly given by statute. In those cases generally where *may* has been construed as imperative the public or private persons have had rights and interests, which could not be secured to them, without an exercise of the power conferred upon some officer, court or body, and in such cases the exercise of the power becomes a duty, and the language of the statute is construed as imperative (see cases above cited).

.The appellant has had one appraisal and he can not, as a matter of right, have another. He alleges no error in the report of the commissioners. He called and examined several witnesses, and their evidence is contained in the report. None were called by the respondents. He does not claim that the compensation awarded, was not in accordance with the evidence, but he can now produce witnesses upon whose evidence he supposes the commissioners would allow him a greater compensation.

A new appraisal should not be directed.