## JOSHUA N. PERKINS agt. WESTERVELT S. BUTLER.

Under subdivision 4 of § 274 of the Code, the motion to *dismiss the plaintiff's complaint* for delay in bringing the cause to trial, must be denied if the delay be shown to be *not unreasonable.*

But if the delay be shown to be *unreasonable* the court is not absolutely required under this subdivision, to dismiss the complaint.

The court may, on the motion to dismiss, give the plaintiff an opportunity to bring the cause to trial on such terms as may be just, even though the delay may be unreasonable, and might also, refuse to entertain the application altogether on the ground that there is no necessity for it, inasmuch as the defendant had it in his power to bring the cause to trial as soon as it was reached, according to the course and practice of the court.

Were it not that by recent statutes the sum of $15, is required to be paid on placing a cause upon the calendar, which outlay primarily devolves upon the plaintiff, the courts would probably refuse to entertain special motions to dismiss for not bringing to trial.

But it seems to be proper in view of this required payment, to entertain these motions, since it is hardly just to require the defendant to make an advance payment—which the plaintiff ought to make—for the purpose of getting an action against him in a situation that the plaintiff may try it.

*Special Term, October,* 1871.

MOTION by defendant to dismiss the complaint under § 274 of the Code, on account of plaintiff's delay in bringing the same to trial.

IRA D. WARREN, *for motion.*
WM. HENRY ANTHON, *opposed.*

JONES, J.—For the decision of this motion, I think, it unnecessary to trace the law relative to dismissing a complaint for neglecting to bring the cause to trial in due season after issues joined further back than the Revised Statutes.

Starting then with the Revised Statutes, we find it provided by §§ 81-82, article 4, title 4, chapter 7, part 3, that in cases of such neglect, the court on defendant's application

may give the like judgment as in cases of non-suit, or may upon just terms allow further time for the trial of such issues, and in case further time for such trial be allowed, and the plaintiff shall neglect to try the same within the time so allowed, the court shall give judgment for the defendant as in cases of nonsuit.

Under these provisions the former supreme court framed certain general rules for regulating the practice in cases arising under them.

By the first of these rules, it was provided that when the plaintiff shall have neglected to bring his cause to trial according to the practice of the court, he may, if he have not before stipulated, tender a stipulation, and offer to pay the costs to which the defendant is entitled up to that time ; and if the defendant shall afterwards move for judgment as in case of nonsuit, he shall pay costs to the plaintiff, except when the plaintiff shall after demand, have refused to pay the costs as taxed.

By the second of the rules, it was provided, that when on motion for judgment as in case of nonsuit, the plaintiff shall be permitted to stipulate, he shall tender a stipulation to the defendant, and shall also pay the costs ordered to be paid therein ; and in default of compliance with the terms, the defendant on filing an affidavit of said omission, may enter judgment as in case of nonsuit

Under the first of these rules, the plaintiff might stipulate as matter of course, even though he had no excuse whatever for the neglect, upon payment of all the costs of the action (*Baldwin* agt. *Tilson*, 1 *How.*, 173). The rule was in effect a general decision of the court applying to all cases where no excuse existed for the neglect, that in such case a stipulation to try at the next term, and payment of all the costs were just terms to impose, and that the plaintiff would be relieved from the effects of his neglect upon these terms.

Under the second rule, the matter was wholly in the hands of the court. It could deny the motion with motion costs

to the plaintiff or without costs; it had also, in my opinion, complete control in its discretion, over the amount of costs to be imposed as a condition of the permission to stipulate; the amount so imposed depending on the circumstances of the case, and the nature of the excuse (*Sherman* agt. *McNett*, 2 *Cow.*, 452).

I am aware that the special term case of *Bowles* agt. *Van Horn*, in this court, (11 *Abb.*, 84), is opposed to my opinion, as to the power of the court over the amount of costs, and I should be bound to follow that case, notwithstanding my opinion to the contrary, if it were still applicable which, I think, it is not, as it is founded on a construction of the general rules framed under the provisions of the Revised Statutes, which provisions of statute, as hereafter held, are repealed, and which general rules are no longer in existence.

It will be remembered, that the statutes and the general rules referred to, operated on common law actions only; that in those actions (with but few exceptions), the plaintiff alone could notice, and bring the cause to trial; that the statute was designed to provide a simple and speedy mode in which a defendant could get an action against him disposed of by forcing the plaintiff to either bring it to trial or abandon it, such was the effect of the stipulation (*Graham's Practice*, 619), and that such being the design of the statute, those actions which at the time of its passage, could be brought to trial by either party, were held not to be within it as the reason on which the statute was founded, did not apply to them (*Dennis* agt. *Dennis*, 2 *Sand.*, 336, *note*).

On the passage of the Code of Procedure, all necessity for a stipulation on the part of the plaintiff to bring the cause to trial or abandon it, ceased, for the defendant was by it authorized to notice and bring the cause to trial on his own behalf, in all cases.

The Code also provided for the dismissal of an action in case of an unreasonable neglect to proceed in it, for it was enacted by the 4th subdivision of § 274, "that the court

may dismiss the complaint, with costs, in favor of one ·or more of the defendants, in case of unreasonable neglect on the part of the plaintiff to proceed in the action against the defendant or defendants served."

The necessity for the stipulation provided for by the Revised Statutes, being thus obviated by the enactments of the Code, and the Code, having at the same time, provided a remedy for an unreasonable neglect, the provisions of the Revised Statutes above referred to are repealed by implication.

The point now arises, what is the power and authority of the court under the 4th subdivision of § 274.

Under this subdivision, it is clear, that the motion to dismiss must be denied, if the delay be shown to be not unreasonable; but the question is, whether this subdivision imperatively requires the court to dismiss in case of unreasonable neglect to bring the same to trial? I think not. There is no necessity for so construing the provision as to peremptorily turn a plaintiff out of court, without giving him an opportunity to repair his neglect, and to bring the cause to trial. A forced construction should not be put on the word "may," so as to make it a mandate, but it should receive its ordinary significa-tion as a term of permission.

Thus construing the provisions, the court may, on the motion to dismiss, give the plaintiff an opportunity to bring his cause to trial on such terms as may be just, even though, the delay may be unreasonable, and indeed, might refuse to enter-tain the application altogether on the ground, that there is no necessity for it, inasmuch as the defendant had it in his own power to bring the cause to trial as soon as it was reached according to the course and practice of the court.

Were it not that by recent statutes, the sum of $15 is re-quired to be paid on placing a cause upon the calendar, which outlay primarily devolves upon the plaintiff, I think, the courts would refuse to entertain special motions to dismiss for non-bringing to trial. I think it proper, however, in view of this, required payment to entertain these motions,

since it is hardly just to require the defendant to make an advance payment (which the plaintiff ought to make) for the purpose of getting an action against him in a situation that the plaintiff may try it.

In adjusting the terms on which the plaintiff may be permitted to try his cause, the court will seek for light in the practice and decisions, that obtained under the Revised Statutes. Having regard to the light thus obtained, and thinking the excuse for the delay reasonable, I deny this motion on condition, that the plaintiff place cause on the calendar for December term, and pay $10 costs of this motion.

Otherwise granted, with $10 costs.