THOMAS KANE

*v.*

SIMON FOOTH.

1. LIMITATION—*seven years' payment of taxes and possession.* When a person takes possession of land through a tenant, after receiving a sheriff's deed, which is color of title, the limitation under the eighth section of the Conveyance act of 1845 will commence running at the date of his first payment of taxes thereafter, and the bar will be complete upon payment of all taxes for seven successive years and possession.

2. SAME—*possession, how shown.* Possession of land under the limitation laws may be shown in different modes. It may be by inclosure, by cultivation, by the erection of buildings or other improvements, or by any visible, open use clearly indicating its appropriation and actual use by the person claiming to own it.

3. PRACTICE—*special verdict.* It is a matter of discretion with the court to instruct the jury to find a special verdict in respect to disputed facts, and error can not be assigned upon the refusal of the court to so instruct.

4. STATUTE—*whether word "may" means "must."* The word *may* in a statute will be construed to mean *must* or *shall*, when the rights of the public or third persons depend upon the exercise of the power given, or the performance of the duty to which it refers. Such is its meaning in all cases in which the public alone have an interest, or a public duty is imposed upon a public officer. In other cases it does not always mean *shall* or *must*.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. JAMES O. McCLELLAN, for the appellant.

Messrs. BOTSFORD, BARRY & LOVELL, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, in the Kane Circuit Court, wherein Thomas Kane was plaintiff and Simon Footh defendant, to recover the possession of the east half of the northwest quarter of section nine, in township forty north, in range six east, of the third principal meridian. The cause was tried by a jury, and verdict for the defendant, on which the court, after overruling a motion for a new trial, rendered judgment against the plaintiff for the costs. To reverse this judgment the plaintiff appeals.

On the trial, the plaintiff deraigned his title from a patent from the United States to one Patrick Sheridan, dated June 1, 1850, and no exception was taken thereto.

The defendant claimed under a tax deed from the sheriff of Kane county to one James Ferson, dated January 12, 1865, on a sale for taxes made in 1859, and a deed from Ferson to himself, dated September 22, 1866. Defendant also exhibited a receipt for taxes paid by himself, dated February 13, 1865, and the following years to 1871, inclusive. Defendant proved that, after the purchase by Ferson, he rented the land to one Lorenzo Ward, who used the same as a pasture lot for several years; that the land was inclosed by a fence, not in good repair, and ever since his purchase it had been in his actual possession.

The only question raised on the record is, does the proof show a concurrence of color of title, payment of taxes under that color, and possession for seven consecutive years, to enable the defendant to defend under the eighth section of the

act of 1845, title "Conveyances," ch. 24. In other words, has the defendant established the bar of the eighth section of this statute?

The sheriff's deed to Ferson, it is conceded, was color of title. That deed bears date January 12, 1865. The first taxes paid thereafter were paid by Ferson, on the thirteenth February, 1865. From this date the statute began to run, and the evidence shows the taxes paid by appellee the succeeding years, to January 19, 1871. This completes the seven years' payment of taxes.

The remaining inquiry is, was the actual possession by appellee and his grantor for the requisite period.

The land was purchased at a sale for taxes in 1859, and was rented by the purchaser to Lorenzo Ward, who inclosed it with his own land, and used it as a pasture lot for two years. In January, 1865, when the sheriff's deed was made to Ferson, the land was in this condition. This court has often held that it is not necessary, to create the bar of this section, that the person claiming the land should actually reside on the land or cultivate it.

In *Truesdale* v. *Ford*, 37 Ill. 210, it was said, that possession of land may be shown in different modes. It may be by inclosure, by cultivation, by the erection of buildings or other improvements, or by any visible, open use, clearly indicating its appropriation and actual use by the person claiming to own it. To the same effect are *Blanchard* v. *Pratt*, ib. 243, and *Paullin* v. *Hale*, 40 ib. 274. These are questions for the jury, and as they have found an actual possession in Ferson, the grantor of appellee, and in appellee, for the requisite period, and, as we think, properly, we can not disturb the verdict. The bar of the eighth section was complete.

The refusal to give this instruction is assigned as error:

" The court instructs the jury to render a special—that is, to state in the verdict from what date the land in controversy has been in the exclusive and actual possession of the defend-

ant, if the jury believe, from the evidence, that the defendant has been in the exclusive and actual possession of the land in controversy at all."

This involves the construction to be given to section 51, of the act of February 3, 1872, entitled "An act in regard to practice in courts of record." That section is as follows: "The court, in charging the jury, shall only instruct as to the law of the case; and the court may, at the request of either party, require the jury to render a special verdict upon any fact or facts in issue in the cause; which verdict shall be entered of record, and proceedings had thereon as in other cases. When the special finding of the fact is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." Sess. Laws 1872, p. 338.

Appellant contends that this statute was designed to be imperative, and that the word "may" should be construed "shall."

It has been long settled by this court, that "may" will be construed to mean "shall," whenever the rights of the public or of third persons depend upon the exercise of the power or the performance of the duty to which it refers. That such is its meaning in all cases where the public alone have an interest, or a public duty is imposed upon a public officer, there is no question. It is so where the public or a private individual has a claim *de jure*, that the power shall be exercised. This was said in *Schuyler County* v. *Mercer County*, 4 Gilm. 20, and repeated in several other cases in this court, the last of which, *Chicago and Alton Railroad Company* v. *Howard*, 38 Ill. 414, was a *qui tam* action, brought under the act of November 5, 1849, for failure to ring a bell or sound a whistle, as required by that act. Section 42 of the act provides, that the penalty may be sued for by the State's attorney; but the 38th section provides, that a common informer may sue in his own name, as well as on behalf of the people, to recover

the penalty. It was held, the right of the public to sue under the forty-second section, and that of an informer under the thirty-eighth section, depended upon which should first commence suit, and that construing the word "may," in the forty-second section, into the word "shall," would be a misapplication of the rule, as the public had not the sole right to the penalty, unless they shall first sue for its recovery.

In the case before us, we do not perceive that the public, as such, have any interest, nor is there a duty imposed upon an officer, nor do the rights of the parties demand that "may" shall be made to mean "shall," in order that the jury may be enabled to render a just verdict. It is discretionary with the court to give this direction to the jury.

As to the instructions, we have no fault to find with them.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*