### DUGGAR *v.* LACKEY.

1. The superior court may in its discretion call a case out of its order on the docket, the case being founded on an unconditional contract in writing, and no issuable defence having been filed on oath, and may dispose of the same by rendering judgment for the plaintiff. This may be done though, the case having been answered to by counsel at the appearance term, the general issue is to be considered as filed.
2. The absence of the defendant from the court at the time of the call, by reason of sickness, so that the plea could not then be verified, would not hinder counsel from preparing the plea and ac-

quainting the court with its contents. This not being done, and no excuse appearing why it was not done, and the specific facts proposed to be pleaded not being stated, the court did not err in denying the application of counsel to postpone or continue the case on account of his client's sickness. There was no suggestion that the presence of the client was needed for any purpose but to verify the plea, and it affirmatively appeared that he was in attendance upon the court during the previous week.

3. To prevent a failure of justice, it might be competent for the court to entertain a motion to open the judgment upon an affidavit of merits, setting forth the defensive facts, together with an offer to plead *instanter*, and showing good excuse for not having pleaded at the proper time.

July 7, 1890.

Practice.    Pleadings.    Judgments.    Continuance. Before Judge MADDOX.    Gordon superior court.    August term, 1889.

Reported in the decision.

E. J. KIKER, for plaintiff in error.

W. K. MOORE, *contra*.

BLECKLEY, Chief Justice.

Lackey having brought suit against Duggar on a promissory note, an unconditional contract in writing, the case was answered to by counsel at the appearance term, but no plea was actually filed. The general issue, however, is, under the code, considered as filed as a legal incident of appearance and answer. At the trial term, during the second week, the case was called out of its order on the docket at the instance of plaintiff's counsel, and in the absence of the defendant. The defendant's counsel being present, objected, and moved the court to postpone any final disposition of the case until it came up in regular order, or else to continue it, showing for cause that his client was absent by reason of sickness, that he had a meritorious defence, which he wished and intended to plead, but could not then do so because of the absence of his client whose attendance was necessary for the purpose of verifying the plea.

The court denied the application, refusing either to postpone or continue the case, and proceeded to render judgment for the plaintiff, under the constitutional power to render judgment without a jury, where no issuable defence has been filed on oath. Upon this error is assigned.

1. There can be no doubt that it was competent for the court, in the exercise of its discretion, to call the case out of its order on the docket. According to the 27th rule of the superior courts (Code, p. 1349), though cases are to be called and tried in the order in which they are docketed, unless there is some reason for a departure from that order, a departure is allowable, in the discretion of the court, for the purpose of giving facility and expedition to its proceedings, or for furthering the ends of justice. It is a convenient and useful practice, and one which facilitates and expedites the transaction of business, for the superior court to take up and dispose of cases ready for judgment, where no jury is needed, at any and all times in the intervals of jury business. This practice has grown up and become common, since the power to dispense with juries in certain cases was first conferred upon the court by the constitution of 1868. That the case was answered to, and therefore the general issue considered as filed, has no bearing upon either the right of the court to call the case out of its order, or the competency of the court to render judgment without a jury. That sort of plea, with no verification of its truth, was utterly impotent for any purpose save to put the plaintiff on the production of the instrument declared upon, which, indeed, ought to be required perhaps in every case, whether there is a plea or not.

2. When the court, in the exercise of its discretionary power, had varied the order of the case from that in which it stood on the docket, then it stood before the

court not as a case out of order, but in order for final disposition; and the question is whether, upon the showing made by the defendant's counsel, the court should have assigned it a new and different order by postponement, or else granted a continuance. The showing affirmed that there was a meritorious defence, but of what it consisted was not stated. The specific facts constituting it were not disclosed. The counsel decided that the plea he intended to file was meritorious, but did not submit that question for consideration or decision by the court. He made a good showing why the plea could not then be verified, but none why it could not be prepared and the court made acquainted with its contents. There was no suggestion that the client was needed for any purpose but to verify the plea. It was not stated that he was needed as a witness in the case. And it affirmatively appeared that he was in attendance upon the court the week before. Why was not the plea verified then? The trial term of the case had arrived, and, as we have just ruled, the case was subject to call any day the court thought proper to take it up. There must have been some *laches* by client or counsel, in not having the plea ready for verification and verified. It was due and past due, yet was not forthcoming. Subsequent sickness cannot cancel the consequences of a failure in diligence which should have been exercised before the sickness intervened. We cannot excuse ourselves for not having done something which we ought to have done, by showing that we afterwards became unable to do it. The court violated no law, so far as appears from the record before us, by going straight along with the case, and disposing of it just as though no sickness had happened.

3. Should there be more facts bearing on the substantial justice of the matter and on the excuse for not pleading than have been brought before us, it might be

competent for the superior court to entertain a motion to open the judgment and let defence yet be made, keeping alive the judgment, however; until the result of the litigation, and then setting it aside or not, in accordance with that result. But this could be done, if at all, only upon an affidavit of merits setting forth the defensive facts, an offer to plead *instanter*, and showing good excuse for not having pleaded at the proper time. In other words, it would seem that a motion might serve to attain the ends of substantial justice between the parties, if, on the principles of equity, there is no real debt, and if the defendant has been prevented from making it so appear, not by negligence, but by sickness or other misfortune. So far as appears to us, no plea setting forth any defence has ever yet been verified or filed; and were we to reverse the judgment, what certainty is there that any ever would be filed? Having obtained some delay by bringing his writ of error and getting a reversal, the defendant might change his mind and conclude not to file any plea after all.

*Judgment affirmed.*