### 1517.  BASS *v.* DOUGHTY.

1. Where there is a conflict between the language of an act of the General Assembly as it is enrolled in the office of the secretary of State and as it appears in the volume published by the public printer, the former controls.

2. Under section 36 of the act approved November 27, 1900, creating the city court of Bainbridge, defenses should be filed on the first day of the first term; but the judge has a discretion to allow a plea not filed until after that day, but filed during the term and before the rendition of judgment, if the interests of justice require it and the failure to file the plea on the first day was not caused by laches or negligence.

Complaint, from city court of Bainbridge—Judge Harrell.   October 12, 1908.

Submitted December 15, 1908.—Decided January 27, 1909.

The suit was brought to the June term, 1908, of the city court of Bainbridge.   This term, by statute, convened on the first Monday.   On that day no business was transacted except an order adjourning the court to the following Monday and setting the criminal calendar for the second week and the civil calendar for the third week.   On the second Monday the defendant filed a meritorious plea, but prior to that time he had not entered an appear-

ance. The plaintiff moved to strike the plea, on the ground that it was filed too late. The matter was continued until the September term, when, at an adjournment held on October 12, the motion to strike the plea was sustained and judgment was rendered in favor of the plaintiff. The case was never marked "in default."

*M. E. O'Neal,* for plaintiff in error.

*John R. Wilson,* contra.

POWELL, J. (After stating the foregoing facts.)

1. Section 36 of the act creating the city court of Bainbridge, as approved by the Governor and enrolled and filed in the office of the secretary of State, provides, "The first term of said court to which a case is brought shall be the appearance term, and the next term thereafter shall be the judgment or trial term, and all the laws, rules and practices in the superior courts with reference to the terms thereof, shall apply to the city court of Bainbridge, unless otherwise provided in this act; *provided,* that in cases in which no defense or plea is filed on the first day of the first term, or such defense or plea shall be stricken by the court, a judgment may be rendered by the court or verdict taken as the case may require, for the plaintiff, on any succeeding day of said term upon the call of said case in open court." In the official volume of the Georgia Laws for 1900, published by the State printer, the word "first" is omitted before the word "day," in that portion of the proviso to this section which refers to the day of the term on which defenses should be filed. The enrolled original in the office of the secretary of State controls, and not the printed copy. *Epstin* v. *Levenson,* 79 *Ga.* 718 (4 S. E. 328).

2. The "first day of the first term," as used in this section of the act creating the city court of Bainbridge, clearly refers to the day on which by law the court is required to meet, and not to some subsequent day on which the judge, through an adjournment or otherwise, begins the actual trial of cases. Therefore the question narrows itself to a determination of whether the judge of that court has the discretion to allow a meritorious defense filed after the first day of the term but prior to the rendition of the final judgment. It is contended by the defendant in error that the decision of the Supreme Court in *Dodson Printers Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54), controls the question, and that the judge has no such discretion. The case just cited related

to the act regulating the practice in the city court of Atlanta. In that act the language is mandatory: "the defendants *shall* file their defenses on or before the first day." In the present act the requirement that the defenses shall be filed on the first day of the first term is not directly stated, and arises by inference and construction only; if they are not filed on that day "a judgment *may* be rendered" subsequently at any time during the first term.

Punctuality is a virtue of high order, but truth and justice are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice require it. This may be said to be the general policy of the law. Our statutes for opening defaults well indicate this policy. Therefore, if the language used by the legislature in a special act is ambiguous or doubtful in meaning, the ambiguity and doubt will be resolved against harshness and injustice and in favor of letting the truth be known. Ordinarily, therefore, the court has a discretion in opening defaults, where the defendant tenders a meritorious plea and shows that he permitted the default through what the courts call excusable neglect.

The provision of the act before us is that if the defense is not filed on the first day of the first term, the judge "may" thereafter at the same term give judgment for the plaintiff. "May" sometimes is equivalent to "must" or "shall," and is then mandatory, but it usually denotes permission or discretion. To decide between these meanings in any given case, the context and whole legislative scheme must be taken into consideration. *G., F. & A. Ry. Co.* v. *Sasser*, 130 *Ga.* 395 (60 S. E. 997); *Weems* v. *Farrell*, 33 *Ga.* 419. Keeping in mind the wise policy which the law generally observes of preserving to the courts a discretion to open defaults, and also the fact that the very act before us, in general terms, makes the practice in the superior courts applicable, except where otherwise provided, to cases brought to the city court, we think that the provision before us, containing as it does the word "may," means that if the defendant does not file a defense on the first day of the first term, the court has the power, in the exercise

of a sound legal discretion, to allow or to refuse to allow it filed thereafter. See 5 Words & Phrases, 4420 et seq., and cases cited; especially Echols v. Brennan, 99 Va. 150 (37 S. E. 786); Knight v. Fisher, 15 Colo. 176 (25 Pac. 78); Perkins v. Butler (N. Y), 42 How. Prac. 102, 105; Smith v. Harrington, 3 Wyo. 503 (27 Pac. 803); Brothers v. Pickel, 31 N. J. Eq. 647; New York & Erie R. Co. v. Coleman (N. Y), 6 How. Prac. 223; Kane v. Footh, 70 Ill. 587; Proctor v. Green, 59 N. H. 350; Deane v. Williamette Bridge Co., 22 Ore. 167 (15 L. R. A. 614, 29 Pac. 440); Bartley v. Smith, 43 N. J. Law (14 Vroom), 321. The reasoning upon which the case of Dodson Printers' Supply Co. v. Harris, supra, is based is not applicable to the present case, on account of the difference in the scheme of the respective acts involved.

It does not clearly appear whether the judge exercised his discretion or not in striking the plea, though there is a strong inference, to which the argument on both sides of the case lends color, that the judge struck the plea because he thought he had no discretion. We therefore affirm the judgment, but give direction that the judge may, at any time after the remittitur from this court is filed in the office of the clerk of the city court of Bainbridge, and before it is finally made the judgment of that court, reopen the matter, and in his discretion vacate the judgment heretofore rendered, and allow the plea. Compare *Duggar* v. *Lackey*, 85 *Ga.* 631 (11 S. E. 1025).        *Judgment affirmed, with direction.*