### 14736. COLLEY v. SMITH COMPANY.

1. Where a petition for certiorari is brought by a defendant excepting to the refusal of the judge of the municipal court of Atlanta to allow him to open a default, a recital therein that the defendant " made the affidavit required by law for opening default in the municipal court of Atlanta," which is verified by the trial judge in his answer to the writ of certiorari, is a sufficient recital that. the defendant has complied with all the requirements of the statute, including that requiring the affidavit to be filed with the clerk.

2. The affidavit required for opening a default in the municipal court of Atlanta (Ga. L. 1913, p. 145, § 46; Ga. L. 1918, p. 348, § 3) may be filed prior to the rendition of a judgment on the default. When such affidavit is filed it operates to open the default, and the defendant then and there may as a matter of right file a defense.

DECIDED AUGUST 17, 1923. ADHERED TO ON REHEARING, SEPTEMBER 28, 1923.

Certiorari; from Fulton superior court — Judge Bell. April 2, 1923.

*A. L. Richards,* for plaintiff in error. *Morris Macks,* contra.

STEPHENS, J. The plaintiff in error, who was a defendant in the municipal court of Atlanta, having failed to file any plea, or enter an appearance, at the first term as required by the act establishing that court, was in default, but no judgment on the default had been rendered against him. The suit, being against him and

a codefendant, who was not in default, was placed on the calendar for trial, and at the time set for trial the defendant in default appeared and offered to plead, tendering an affidavit as required in section 46 of the act as amended, creating the municipal court of Atlanta, providing for opening defaults. The trial judge refused to allow the defendant to " open the default " as the defendant claimed he had a right to do at this stage, and also refused to allow the defendant to plead, and gave judgment in favor of the plaintiff against the defendant. The superior court overruled the certiorari.

1. In order to open a default in the municipal court of Atlanta, it is required by the act establishing that court that the defendant seeking to open a default shall file with the clerk of the court, an affidavit setting out that " he has, as he is advised and believes, a good defense, and that he is not seeking to open the default for delay only." A recital in the petition for certiorari brought by the defendant in the. municipal court of Atlanta, verified by the answer of the judge whose decision is under review, that the defendant " made the affidavit required by law for opening default in the municipal court of Atlanta," is a sufficient recital that the defendant has complied with all of the requirements of the statute, including that requiring the affidavit to be filed with the clerk. Where it. does not affirmatively appear from the record that the affidavit, a copy of which appears in the record, was not filed with the clerk of the municipal court of Atlanta, a failure of the affidavit to show any entry ,of filing by the clerk can not, in view of the above verified recital in the petition for certiorari, be considered as establishing as a fact that the affidavit had not been filed as required by law. *Hilt* v. *Young,* 116 *Ga.* 708, 710 (43 S. E. 76).

2. The act does not affirmatively provide, nor does its terms necessarily contemplate, that it is essential to the defendant's right to open the default and plead, that the affidavit be filed *after* the rendition of the judgment on default. The act provides that " any party against whom a judgment by default shall be rendered and who shall file with the clerk of said court an affidavit that he has, as he is advised and believes, a good defense, and that he is not seeking to open the default for delay only, may, as a matter of right, have said default opened, and the judgment rendered there-

on set aside at any time within five days from the rendition of such judgment." (Ga. L. 1913, p. 145, § 46; Ga. L. 1918, p. 348, § 3.) The required affidavit may be filed at any time after the case is in default, even before the rendition of a judgment, and the judgment on default thereafter rendered must be set aside within five days from its rendition. This act clearly gives the defendant, after filing the required affidavit, the right to plead within five days after the rendition of the judgment on default, and it certainly can not be within the contemplation of the act that the filing of the affidavit after the case is in default, but before judgment is rendered on the default, will preclude the defendant from filing a plea. This provision of the act is in its nature remedial, and, as this is a susceptible construction to be placed thereon, this court, in pursuance of a liberal policy in favor of the trial of cases upon their merits, holds that where the defendant is in default, the filing of the required affidavit by him, even though the same was filed and tendered prior to the rendition of a judgment on default, meets the requirements of the statute.

It appears, therefore, that the trial judge erred in not allowing the defendant to file a plea. Such error having affected the judgment thereafter rendered in favor of the plaintiff against the defendant, this judgment was erroneous and should be set aside. The judge of the superior court erred in not sustaining the defendant's certiorari.

For the above reasons the judgment of reversal is on rehearing adhered to.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*