34223.   PICKARD *v.* RICH'S INC.

DECIDED OCTOBER 24, 1952.

*Ross Arnold, George A. Haas,* for plaintiff in error.
*Parker & Parker,* contra.

WORRILL, J.   It appears from the bill of exceptions and the record in this case that on May 16, 1952, the plaintiff, Rich's Incorporated, filed in the Civil Court of Fulton County its verified petition in two counts alleging that the defendant, Pickard, was indebted to it in the sum of $713.82, as shown by a sworn statement of account attached as an exhibit, and in count two, that he was indebted to it in the sum of $1,899.42, plus interest, upon a promissory note, a copy of which was also attached as an exhibit.   The case was returnable to the June, 1952, term of the court, the first day of which was June 2, 1952.   On June 2, 1952, counsel for the defendant appeared before one of the judges of the Civil Court of Fulton County and made an oral motion, ex parte, that the defendant be allowed additional time in which to file defensive pleadings.   The judge called counsel for the plaintiff on the telephone and advised them of that motion. Counsel for the plaintiff objected to the allowance of additional time, but the judge nevertheless entered an order allowing counsel for the defendant, upon a showing of "good and sufficient reason therefor," 7 days additional in which to file defensive pleadings and he incorporated therein a rule nisi requiring the plaintiff to show cause on June 9, 1952, why additional time should not be granted the defendant for filing his answer.   Thereafter, on June 9, 1952, the trial judge, on motion of the plaintiff entered an order revoking and vacating the order of June 2, 1952, granting the defendant additional time in which to file defensive pleadings, on the stated ground that such original order

was beyond the power of the court, and on the same date entered an order adjudging the case in default and rendering judgment in the sum of $2657.56 against the defendant. The exception here is to the final judgment against the defendant for the plain-tiff and to the order vacating and setting aside the original order extending the time for the defendant to file pleadings.

■ Counsel for the defendant in error have made a motion in their brief in this court to dismiss the writ of error on the ground that the bill of exceptions was served on them too late, and on the ground that the defendant has failed to pursue his rights in the Civil Court of Fulton County to open the default and to set aside the default judgment pursuant to the provisions of Sec. 46 of the act of 1913 creating the Civil Court of Fulton County. Without extending the discussion of these contentions we deem it sufficient to say that the motion to dismiss the writ of error is without merit, and is denied.

■ The Civil Court of Fulton County, as now constituted, was established by an act of the legislature in 1913 (Ga. L. 1913, p. 145, et seq.). Originally it was called the Municipal Court of Atlanta, but the name was changed by the act of 1939 to its present form. (Ga. L. 1939, p. 449). The act creating the Civil Court of Fulton County, as amended, provides that: "The terms of said court shall commence on the first Monday in each month and each term shall continue from day to day as may be necessary, but not to run beyond the Saturday preceding the commencement of the succeeding term. . . The first term shall be the trial term in all matters triable in said court. . .

"The case shall be entered on a filing docket, . . and it shall be the duty of the clerk to issue a process or summons as the case may be, directed to the defendant, commanding him to appear and defend on the first day of the term to which said action is brought, . . and it shall be the duty of the defendant, or his attorneys, to file answer or enter appearance . . by having the fact stated by the clerk on said docket on or before the first day of the term to which such action is brought. . . Provided, however, that when the first day of the term to which such action is brought, or the appearance day, falls on a legal holiday the defendant or his attorneys may file answer or other defensive pleadings or enter appearance on the next day there-

after." (Ga. L. 1913, p. 145, § 36 as amended by Ga. L. 1950, pp. 2742, 2744, 2745). The final proviso of this section of the act establishing the Civil Court of Fulton County was added by the 1950 act.

It will be seen from the quoted provisions of the act establishing the court that the practice and procedure therein, with respect to filing causes of action and the time for filing defenses and making appearances for the defendant, is different from the provisions relating to those procedures in the superior courts. Compare Code § 81-301 et seq. There is no appearance term in the Civil Court of Fulton County.

By Section 4 of an act to establish new terms and to regulate the practice of returning and trying cases in the City Court of Atlanta and to amend the act establishing that court, the legislature provided (Ga. L. 1892, pp. 219, 220): "That all cases shall stand ready for trial at the first, or return term, and the defendants shall file their defence on or before the first day of said term of the court, and said cases shall then be tried unless continued. . ." By Section 6 of that act it was provided that the appearance term of the court was thereby abolished, and all cases "shall be returnable to, and triable at, the same term." In *Dodson Printers' Supply Co.* v. *Harris*, 114 *Ga.* 966(2), 968 (41 S. E. 54), it was said, in construing the wording of that act, as above quoted, that: "The question of law presented by the exceptions pendente lite is whether the judge of the City Court of Atlanta can under any circumstances, after the first day of the return term, allow a plea or defense to be filed by a defendant who is in default. The act of 1892, (Acts 1892, p. 219), amending the act establishing the court, provided that this court should have six terms each year. It also provided that defendants, when sued in that court, should file their defenses on or before the first day of the term to which the suit was returnable. Under these provisions the judge has no power or discretion to allow a plea or defense to be filed after the first day of the term. The act is mandatory as to when defenses shall be filed. If a defendant fails to file his defense within the time allowed by the act, he loses his right to file a defense to the suit." In *Pitts* v. *Wheeler*, 6 *Ga. App.* 720 (65 S. E. 689), the answer was not filed until the second day of the first term, though the act cre-

ating the City Court of Covington, wherein the case originated, provided that "the defendant shall file his defense on or before the first day of the first term," and it was held, following the *Dodson Company* case that the judge had no power to allow the answer to be filed after that time. In *Buford* v. *Southern Cotton Oil Co.*, 20 *Ga. App.* 581(1), 582, 583 (93 S. E. 318), this court recognized that where the acts creating the city courts provided for trial of cases at the first term, the procedure was so changed as to make the practice in the superior courts relating to defaults "utterly inapplicable." It was so held in the *Dodson Company* case, supra.

Consistent with these authorities we hold that the trial judge in this case had no authority to extend the time for filing defensive pleadings beyond the first day of the first term. The law creating the Civil Court of Fulton County is mandatory as to when defensive pleadings shall be filed or when appearances in behalf of the defendant shall be made. The trial court has no authority to relieve the defendant or his attorney of the duty to appear and plead within the time specified, and if he fails to appear and plead within that time he loses the right to do so, except the right be asserted in the manner set forth in Sec. 46 of the act of 1913 (Ga. L. 1913, pp. 145, 171) as amended by the act of 1918 (Ga. L. 1918, pp. 348, 351).

That such was the intent of the legislature in establishing the Civil Court of Fulton County is indicated by the fact that prior to the act of 1950 (Ga. L. 1950, p. 2742, et seq.), the defendant had to file defensive pleadings on or before the first day of the first term, which was always the first Monday in each month, notwithstanding that such first day sometimes was a holiday. However, by that act it was provided that whenever the first day of the term falls on a legal holiday the defendant or his attorneys may file answer or other defensive pleadings or enter appearance on the next day thereafter. If the legislature had considered that the judges of the court had authority to relieve the defendant of the duty to file or appear on or before the first day of the term, it would not have been necessary to incorporate in the legislation respecting the court the proviso added by the 1950 act. It is interesting to note in passing that the notice of intention to apply for local legislation in connection with the

1950 act was signed by four of the then judges of the Civil Court of Fulton County.

The plaintiff in error relies on the following cases, among others, as supporting his contention that the trial court had authority and discretion to extend the time for filing defensive pleadings: *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131); *Miller* v. *Jones,* 136 *Ga.* 428(1), 434 (71 S. E. 910); *Cherocola Bottling Co.* v. *Southern Express Co.,* 150 *Ga.* 430 (104 S. E. 233); *Austell Bank* v. *National Bondholders Corp.,* 188 *Ga.* 757(1) (4 S. E. 2d, 913); *Bass* v. *Doughty,* 5 *Ga. App.* 458 (63 S. E. 516); and *Buford* v. *Southern Cotton Oil Co.,* 20 *Ga. App.* 581, supra. Those cases are all distinguishable from the case at bar in that they all arose in the superior court, or in city courts where the practice was like the practice in the superior courts, or where the city court act expressly provided for default judgments and the manner of their entry.

The trial court did not err on June 9, 1952, in vacating and setting aside its order of June 2, 1952, and in thereafter adjudging the defendant in default and entering judgment for the plaintiff in the amount sued for.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*