38359.  WASHINGTON NATIONAL INSURANCE
COMPANY v. EDWARDS.

DECIDED SEPTEMBER 13, 1960.

*Tindall & Tindall, J. D. Tindall, J. D. Tindall, Jr., J. F. Kemp,* for plaintiff in error.

*Franklin B. Anderson,* contra.

FRANKUM, Judge. 1. The procedural rules of the Civil Court of Fulton County were created by statute and where such rules depart from those prescribed for the courts of general jurisdiction, the statutory enactments for the civil court will prevail, and the mode of procedure used in the superior court is inapplicable. *Dodson Printers' Supply Co. v. Harris,* 114 Ga. 966 (41 S. E. 54); *Pickard v. Rich's, Inc.,* 87 Ga. App. 109 (73 S. E. 2d 98). (The procedural rule announced in the latter case was ultimately changed by statute, Ga. L. 1956, p. 3271). The act of 1913, as amended, established the basic procedural rules for the Civil Court of Fulton County (Ga. L. 1913, p. 145). The pertinent part thereof applicable for this decision (Ga. L. 1913, p. 145, as amended by Ga. L. 1918, p. 351), is as follows: "That in all cases of default the chief judge of said court, or any other judge acting therefor, may enter judgment without any call of the docket on or after the Monday on which the action in default is returnable, and in all cases, except actions for unliquidated damages, and there is no issuable defense made by the party sued, the plaintiff shall be permitted to take judgment as if each and every item, or paragraph, were proven by testimony; provided, that any party against whom a judgment by default shall be rendered and who shall file with the clerk of said court an affidavit that he has, as he is advised and believes, a good defense, and that he is not seeking to open the default for delay

only, may, as a matter of right, have said default opened, and the judgment rendered thereon set aside at any time within five days from the rendition of such judgment; provided further, that if upon the hearing the court shall determine that said default was opened for delay only the judgment shall be entered against such party for double the regular costs." The policy of the court in determining matters similar to the instant case was announced by Judge Powell in *Bass v. Doughty*, 5 Ga. App. 458 (63 S. E. 516), as follows: "Punctuality is a virtue of high order, but truth and justice are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice require it. This may be said to be the general policy of the law. Our statutes for opening defaults well indicate this policy. Therefore, if the language used by the legislature in a special act is ambiguous or doubtful in meaning, the ambiguity and doubt will be resolved against harshness and injustice and in favor of letting the truth be known. Ordinarily, therefore, the court has a discretion in opening defaults, where the defendant tenders a meritorious plea and shows that he permitted the default through what the courts call excusable neglect." The wording of the statute prescribes that within five days after a judgment for default, the defendant may, as a matter of right, open the default and file defensive pleadings. This may be accomplished on the presentation of an affidavit manifesting a belief that a meritorious and good defense is available and that the opening of the default is not for delay only. Such proceeding may be initiated before the default judgment. *Colley v. Smith Company*, 30 Ga. App. 680 (119 S. E. 350). If there is any ambiguity, it must be resolved against the harshness of the statute to prohibit the filing of a defense. The only discretion allowed the trial court is that in the event the default is opened for delay only, double costs may be imposed. The statute does not require the affidavit to show a reasonable or excusable neglect for failing to file de-

fensive pleadings, as is necessary under superior court rules. All that is required is that an affidavit be filed showing, among other things, that a belief of good defense exists. An affidavit meeting the requirements of the statute was filed by the defendant in this case within the time allowed by the statute aforesaid. Accordingly, the trial court erred in sustaining the motion to dismiss "the affidavit and motion to set aside the judgment."

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*