42551, 42552. EXUM v. SAM N. HODGES, JR. & COMPANY; and vice versa.

ARGUED JANUARY 4, 1967—DECIDED JANUARY 25, 1967—REHEARING DENIED FEBRUARY 10, 1967

*Mackay, Payton & Elliott, Thomas W. Elliott,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Witt,* for appellee.

EBERHARDT, Judge. 1. Rule 9 of the Rules of Practice and Procedure in the Civil Court of Fulton County provides: "A judgment rendered by default may be opened and the judgment set aside as a matter of right if within five days of the date of the rendition of the judgment the defendant pays all accrued costs and files an affidavit that he is advised and believes that he has a good defense and is not reopening the case for delay

only. In this event he must tender his defensive pleadings. On the trial of the case, if the court finds that the case was re-opened for delay only, the court may enter a judgment for double the regular costs."

This rule was adopted by the Civil Court of Fulton County in accordance with the statute creating that court, which provides: "[I]n all cases of default the chief judge of said court, or any other judge acting therefor, may enter judgment without any call of the docket on or after the Monday on which the action in default is returnable, and in all cases, except actions for unliquidated damages, and there is no issuable defense made by the party sued, the plaintiff shall be permitted to take judgment as if each and every item, or paragraph, were proven by testimony; provided, that any party against whom a judgment by default shall be rendered and who shall file with the clerk of said court an affidavit that he has, as he is advised and believes, a good defense, and that he is not seeking to open the default for delay only, may, as a matter of right, have said default opened, and the judgment rendered thereon set aside at any time within five days from the rendition of such judgment; provided further, that if upon the hearing the court shall determine that said default was opened for delay only, the judgment shall be entered against such party for double the regular costs." Ga. L. 1913, pp. 145, 171, as amended by Ga. L. 1918, pp. 348, 351.

Plaintiff contends that Rule 9 does not authorize the court to set aside a default judgment based upon a jury verdict without first setting aside the verdict and, if Rule 9 does so provide, that it is in conflict with the general law and must yield. It is next contended that the verdict cannot be set aside other than by motion for new trial or a motion which is in substance a motion for new trial, and as a final nail in the coffin, that the order denying the motion for new trial should not be reversed because of asserted rules governing motions for new trial and, should this contention not prevail, because Rule 9 does not provide for a motion for new trial as a procedural convenience in the default-opening procedure.

The court below was of the opinion that it was bound by the

default-opening provisions of the statute creating the court and that the statute, Rule 9 adopted in conformity therewith, and *Washington Nat. Ins. Co. v. Edwards,* 102 Ga. App. 381 (116 SE2d 514), dictated the denying of the motion to vacate and abate the order opening and setting aside the default judgment.

If this were a default judgment in the true sense of the word, we should agree. However, it is not. We do not think the language of the statute covers, or was intended to cover, judgments entered upon jury verdicts. The statute relative to default judgments provides that the judge "may enter judgment without any call of the docket" and when "there is no issuable defense made by the party sued, the plaintiff shall be permitted to take judgment as if each and every item, or paragraph, were proven by testimony." If a jury demand is filed, however, and cannot be withdrawn, the case must be submitted to a jury. It cannot be entered by the judge without a call of the docket, and some evidence must be submitted.

A verdict at the hands of a jury in the Civil Court of Fulton County is intended to have and does have the same legal effect and has the same attributes and qualities as one rendered by a jury in any other court. It is not "in the breast of the court" in the sense that a judgment is, and the setting side of a judgment based upon a verdict in the Civil Court of Fulton County must be accomplished in the same manner as the setting aside of such a judgment entered in any other court.

The statute and the court rule contemplate the setting aside of judgments entered without the intervention of a jury verdict. Suppose the judgment were set aside or vacated—what would this do to the verdict? Nothing. It would still obtain and would support the entry of another judgment. Of course it could not happen, for, as the Supreme Court pointed out in *Buchanan v. Nash,* 211 Ga. 343 (86 SE2d 111), "The judgment is based upon a jury verdict, and before it can be set aside, the verdict of the jury must be set aside." Neither the statute creating the Civil Court of Fulton County, nor, so far as we have been able to find, any other law or statute affords to the judges of that court any right to set aside a verdict save upon a motion for new trial, or a motion equivalent thereto, setting

out a ground or grounds upon which the law authorizes the setting aside of a verdict.

If this were not sufficient as a reason why the judgment here should not have been set aside, we think the defendant foreclosed the matter of whether there was a verdict and judgment by default when he appeared, refused to consent to a withdrawal of the plaintiff's demand for jury trial and cross examined the witnesses.

*Washington Nat. Ins. Co. v. Edwards,* 102 Ga. App. 381, supra, appears as a physical precedent to the contrary of what we hold here, but an examination of the record discloses that in that case the point was not urged that a judgment based upon a verdict is not a default judgment within the meaning of the statute. As we construe the statute, that case runs counter to it, and it will not be followed.

### The Cross Appeal.

After the defendant's motion to set aside the judgment under Rule 9 of the Fulton Civil Court was granted, defendant filed a motion for new trial on the general grounds, and an additional Ground No. 4 "Because said verdict was entered in a case in default and defendant has complied with all conditions imposed in such case after judgment by Rule 9 of this court."

There is no merit in the general grounds. The verdict is supported by the evidence, and Ground 4 is not a ground on which a new trial could be granted. Overruling the motion was proper.

*Judgment reversed on main appeal; affirmed on cross appeal. Felton, C. J., and Hall, J., concur.*