No. 68.—THOMAS GRAY, plaintiff in error, *vs.* WILLIAM Mc-NEAL, defendant in error.

[1.] It is a well settled principle of the Common Law, that the judgments of a Court of *special* and *limited* jurisdiction, must show upon their face such facts, as are necessary to give to the Court rendering such judgment, jurisdiction of *the person of the defendant* and *the subject-matter of the debt.*

[2.] It may be stated, as an incontrovertible legal proposition, that every power exercised by any Court, must be found in, and derived from *the law of the land,* and also be exercised in the mode and manner that law prescribes.

[3.] Whenever such jurisdiction appears on the face of the proceedings up on which the judgment is rendered, everything will be intended in favor of the judgment; but when nothing appears on the face of the proceedings on which such judgment is founded, to give to such Court jurisdiction, as required by law, either of *the subject-matter* or *the parties* thereto, the whole proceeding is *coram non judice, and void.*

[4.] The question as to the application of this Common Law principle to Courts of *limited* jurisdiction, discussed.

[5.] Where a judgment, obtained in a Justices' Court, in this State, was offered in evidence, to establish the plaintiff's demand, and there was no evidence that the defendant had ever been served with a summons, as required by the Statute: *Held,* that the Court rendering the judgment, had no jurisdiction of *the person of the defendant,* and that such judgment was not even *prima facie* evidence of indebtedness.

[6.] When the defendant demurs to the plaintiff's evidence—about which there is no dispute—and admits the same to be true, he has the right to de_

mand the judgment of the Court, as to the law arising upon such facts, and if, in the opinion of the Court, the same are not sufficient in law to authorize the plaintiff to recover, it is in the power of the Court to award a non-suit.

[7.] The docket of the Justice of the Peace, in whose Court a judgment is rendered, ought to furnish the evidence of the service of a summons on the defendant, as required by the Statute; but the next best evidence, is the production of the summons, if that can be found; but if that cannot be found, after due search and inquiry, then, parol evidence of proof of service, is admissible.

Attachment, in Talbot Superior Court.   Tried before Judge IVERSON.   September Term, 1852.

The attachment in this case was sued out upon judgments rendered in a Justice's Court. Upon the trial, the plaintiff below, William McNeal, introduced the Justice's docket, showing a memorandum of the judgments sued on. He also proved that the defendant below resided in the District at the time of the rendition of the judgment.

Thomas Gray, by his counsel, demurred to the evidence, on the ground that a Justice's Court, being a Court of limited jurisdiction, the plaintiff should prove the proceedings prior to the rendition of the judgments, and show that the Court had jurisdiction.

The Court overruled the motion, and said it was a matter to be decided by the Jury; and charged the Jury, that if they believed Gray lived in the district, at the time of the commencement of the suits upon which the judgments were obtained, they would then presume that the Court had jurisdiction, and the Justice of the Peace did his duty, and that he would not have rendered the judgment, unless the previous proceedings had been regular, and in conformity to the law.

To this decision and charge, exceptions were filed.

E. WORRILL,   for plaintiff in error.

B. HILL, for defendant in error.

VOL. XII 54

*By the Court.*—Warner, J. delivering the opinion.

The judgments obtained in the Justice's Court, which were offered in evidence, in support of the plaintiff's cause of action, were objected to, on the ground that it did not appear on the face of the proceedings that the Court rendering the judgment, had *jurisdiction of the person of the defendant.*

[1.] It is a well settled principle of the Common Law, that the judgments of Courts of special and limited jurisdiction, must show upon their face, such facts as are necessary to give to the Court rendering such judgment, jurisdiction of the person of the defendant, and the subject-matter of the suit; in other words, such jurisdiction must appear on the face of the proceedings on which such judgment is founded. 2 *Bacon's Ab.* 630, (title *Courts, letter D.*) Lord *Conysby's case, 9th Modern,* 95. The *King vs. Chilvercoton,* 8 *Term Rep.* 181. This principle of the Common Law has been distinctly recognized by this Court, in *Tift et al. vs. Griffin,* 5 *Georgia Rep.* 186 ; and in *Grier vs. McLendon,* 7 *Georgia Rep.* 362.

[2.] It may be stated, as an incontrovertible legal proposition, that every power exercised by any Court, must be found in, and derived from the law of the land, and also be exercised in the mode and manner that law prescribes. While this principle of the Common Law, applicable to Courts of special and limited jurisdiction, is of equal force in this State, as if the same had been specially declared by a separate and distinct enactment of the Legislature, yet its application does not appear to have been so well understood by our Courts. Our Courts of Ordinary and Justice's Courts, are to be considered as Courts of limited jurisdiction, in contemplation of the Common Law. By the Act of 1810, the Courts of Ordinary have original jurisdiction conferred upon them of all testate and intestate's estates, appointing administrators and guardians, to qualify executors, administrators and guardians, and to bind out orphans, and all such other matters and things as appertain or relate to estates of deceased persons, whether testate or intestate. *Prince,* 239. If a judgment of

Gray *vs.* McNeal.

the Court of Ordinary, granting leave to an administrator to sell the real estate of his intestate, should be offered in evidence in the Superior Court, in support of the title of a purchaser at such administrator's sale and it appeared, on the face of the proceedings or judgment so offered in evidence, that the intestate was dead, and that he died seized of real estate ; that on the application of the administrator, leave was granted to sell it ; and that notice of such application for sale had been given, as required by the Statute ; these facts would show that the Court acted upon a subject-matter of which it had jurisdiction ; for, as we have seen, by the Act of 1810, the Court has " original jurisdiction of all testate and intestate's estates, and all such other matters and things as appertain or relate to estates of deceased persons, whether testate or intestate." While nothing will be intended in favor of the existence of the facts indispensably necessary to give such a Court jurisdiction, beyond what appears on the face of the proceedings, for the reason stated by *Bacon,* " that these Courts are bounded and circumscribed by certain laws and stated rules, to which, in all their proceedings and judicial determinations, they must square themselves ;" (2 *Bacon's Ab.* 625, (*title Courts, letter D.*) yet, when it is made to appear on the face of the proceedings, that the Court had jurisdiction of the subject-matter and the person, everything will be intended in favor of its judgment, and the Court will be presumed to have decided right, unless the contrary appears. *The King vs. Chilverscolon,* 8 *Term Rep.* 181. *Service vs. Sherman,* 1 *John. Rep.* 91. *Peebles vs. Kittle,* 2 *John. Rep.* 363.

[3] When, therefore, the necessary facts appear on the face of the proceedings on which the judgment of the Court of Ordinary is founded, ordering the sale of an intestate's real estate, to give to the Court jurisdiction of the subject-matter, it will be presumed that such jurisdiction was properly exercised, and that the Court had before it sufficient evidence that it was for the benefit of the heirs and creditors of such intestate's estate, that such sale should be made. The *evidence* which induced the Court to render its judgment, need not appear on the face of the proceedings. But when nothing appears on the face of the

proceedings, on which the judgment of a Court of special and limited jurisdiction is founded, to give to such Court jurisdiction, as required by law, either of the subject-matter or the parties thereto, the whole proceeding is *coram non judice and void.*

[4.] These principles are not at all in conflict with the principles settled by this Court, in *Grier vs. McLendon,* but are entirely consistent therewith. In that case, the record of the Court of Ordinary of Troup County, was offered in evidence, to prove the appointment of Jesse L. Laws, as the guardian of Susan McLendon. It appeared on the face of the record, that at the time of the appointment of the guardian, his pretended ward resided in the State of Alabama, beyond the jurisdiction of the Court, so that it affirmatively appeared, that the Court of Ordinary of Troup County had no jurisdiction to appoint a guardian for the person of Susan McLendon, who lived in Alabama; nor did the record show that Susan McLendon had any property in Troup County, which would give to the Court of Ordinary of that County jurisdiction to appoint a guardian to take care of and manage such property.

[5.] In that case, no facts were shown on the face of the proceedings on which the judgment was rendered, giving to the Court rendering it, jurisdiction of either the person or property of the ward, for whom the guardian was appointed. By the Act of 1811, the jurisdiction of Justices of the Peace, in civil cases, is limited to thirty dollars. By the several sections of that Act, it is declared, " that no Justice of the Peace shall hold any Justice's Court, or pass any judgment in any civil case, on any other, or more than one day in each month, which day they may appoint in their respective districts; nor at any other place than that specially mentioned in the warrant or summons; which warrant or summons shall be served by any Constable of the district in which the defendant may reside, either by giving a copy to the defendant in person, or by leaving a copy thereof at his, her or their usual and notorious place of abode, at least ten days before the day of trial; and it shall be the duty of the Constable serving the summons or warrant, to make an entry of service thereon, in writing, and sign such return." *Prince,* 502.

By the first section of the Act of 1809, each Justice of the Peace in this State, is required to keep a fair and legible book of entry, of all the civil proceedings had before him for the recovery of debts, &c. *Prince*, 501. This Act imposes the duty on the Justices of the Peace, to enter in their docket books, not only the names of the parties to the suit before them, but also enter therein, that the summons issued, the day on which it issued, and that it was returned served on the defendant; stating the day on which it was served. In fact, they are required by the Statute, to enter, in their docket books, a short memorandum of all the civil proceedings had before them in each case, for the recovery of debts, &c. The docket should show, by the entries therein, that all has been done, which the Statute requires to be done, in order to give the Court jurisdiction of the subject-matter and the person of the defendant, so as to enable the Court to award judgment.

In this case, the plaintiff in the Court below, introduced in evidence the docket of the Justice, from which it appeared from a memorandum therein, that three judgments were rendered against Gray, in favor of McNeal, on the 16th March, 1839— two for twenty-five dollars each, exclusive of interest and cost, and the other for twenty-two dollars, exclusive of interest and costs. The plaintiff proved, by one witness, that at the time of the rendition of the judgments, the defendant, Gray, resided in the district. The defendant demurred to this evidence, on the ground that it was not sufficient in law, to entitle the plaintiff to a verdict, and moved the Court for a non-suit; which motion the Court overruled.

[6.] The motion to non-suit the plaintiff, in our judgment, ought to have been sustained, for the reason that, admitting all the plaintiff had proved to be true, still he was not entitled in law, to recover a verdict against the defendant. The evidence offered, clearly showed that the Justice's Court had jurisdiction of the subject-matter of the suit in which the judgments were rendered, each being under thirty dollars; but there was no evidence whatever, either from the docket, or otherwise, that the Court rendering the judgments, had jurisdiction of the person

of the defendant.    To have given the Justice of the Peace ju-
risdiction, it must not only appear that the subject-matter of the
suit was under thirty dollars, but it must also be shown that
the defendant was served with a copy of the warrant or summons,
at least ten days before the trial, in the manner prescribed by
the Statute, under which the Justice derives his authority to award
judgments against him.    The fact that the defendant resided
in the district at the time the judgments were rendered, did
not give jurisdiction to the Justice to award judgments against
him, without service of the summons, as required by law;
and according to the legal principles which we have al-
ready stated as applicable to Courts of limited jurisdiction,
the judgments were not even *prima facie* evidence of
indebtedness against the defendant.    The case of *Berm vs.
Borst*, (5 *Wendell's Rep.* 292,) decides the identical principle
involved in this case.    By Statute, in the State of New York, it
is declared, "that the official certificate of a Justice of the
Peace, certifying the proceedings, judgment, and execution, in
a cause in which judgment has been rendered by him, shall be
good and legal evidence of the facts contained therein."    The
Court, in that case, held that a certificate of a Justice's judg-
ment, to be competent evidence on the trial of a cause, must
show, on its face, that the Justice rendering the judgment
had jurisdiction as well of the person as of the subject-matter
of the suit.    The Courts do not indulge in presumptions in re-
gard to the jurisdiction of Courts of limited power and author-
ity; but where the jurisdiction is made to appear, from the
facts stated on the face of the proceedings, then, the Courts
will presume that everything has been rightly done, unless the
contrary is apparent.

[7.]  The Justice's docket, as we have already stated, ought to
furnish the evidence that the summons had been served on the de-
fendant.    The next best evidence would be the summons itself,
if to be found; if that cannot be found, after due search and inqui-
ry, then parol evidence might be received to establish the fact of
service, as required by the Statute.    Our ruling upon this point,
we know, is extremely liberal, and is intended to apply to Justice-

Court papers, because of the very loose manner in which the business in those Courts is frequently transacted.

When the defendant, by demurring to the plaintiff's evidence, admits the same to be true, he has the right to demand the judgment of the Court as to the law arising upon the facts, about which there is no dispute ; and in such a case, it is in the power of the Court to award a non-suit. *Pratt vs. Hull,* 13 *John. Rep.* 334.

In this case, there were no disputed facts. The only question made by the demurrer, for the judgment of the Court was, whether the plaintiff was entitled, *in law,* to recover from the defendant, on the evidence submitted by the plaintiff, which was admitted to be true by the defendant. Let the judgment of the Court below be reversed.