### 2411.   THOMPSON V. KELSEY, administratrix.

HILL, C. J.   1. Section 5072 of the Civil Code of 1895, providing for the opening of defaults, should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by a reviewing court, unless manifestly abused to the injury of the plaintiff.  Under the facts of this case the trial judge was fully authorized to open the default and permit the defense to be filed.  *Bass* v. *Doughty*, 5 *Ga. App.* 460 (63 S. E. 516) ; *Brawner* v. *Maddox*, 1 *Ga. App.* 337 (58 S. E. 278) ; *Polerack* v. *Gordon*, 102 Ill. App. 356; Hewlett *v.* Hewlett, 4 Edw. Ch. (N. Y.) 7; *Tucker* v. *Harris*, 13 *Ga.* 2 (58 Am. D. 488) ; *Gray* v. *McNeal*, 12 *Ga.* 424; *Davis* v. *Bray*, 119 *Ga.* 224 (46 S. E. 90) ; Civil Code, §§ 5070, 3702; *Burch* v. *Pope*, 114 *Ga.* 334 (40 S. E. 227) ; *Haley* v. *Vandiver*, post, 78 (68 S. E. 651).

2. The exclusion of competent and relevant testimony will not be ground for reversal where the same witness subsequently gives testimony substantially the same as that previously rejected by the court; nor will the improper rejection of testimony justify the grant of another trial, unless the testimony so excluded would probably have produced a different verdict.  *Central Ry. Co.* v. *Mote*, 131 *Ga.* 166 (62 S. E. 164), and cases cited.

3. In a suit on a promissory note the defense relied upon was that, subsequently to its execution, the payee or his agent made a material alteration in the note, without the knowledge of the maker and with intent to defraud, the alteration alleged being the addition of the word "seal" to the signature of the maker, so that the instrument was

changed from a simple contract in writing to a note under seal, the alteration being made for the purpose of saving the note from the bar of the statute of limitations. *Held:* Testimony that the word "seal" was apparently written with an indelible pencil, in a different hand-writing from the signature of the note, and appeared to have been freshly written, and that the impression made by an indelible pencil would rapidly fade, given by witnesses claiming to be experts, was properly admitted. 1 Wigmore on Evidence, § 561; Civil Code, § 5285; *Crankshaw* v. *Schweizer,* 1 *Ga. App.* 369 (58 S. E. 222); 2 Wigmore on Evidence, § 1242; *Davitte* v. *Southern Ry. Co.,* 108 *Ga.* 670 (34 S. E. 327).

4. Where the defendant denied on oath that the note sued upon was at the time of its execution under seal, alleging that the word "seal" had been added to the signature, by the plaintiff or his agent, with the fraudulent purpose of preventing the application of the statute of limitations to the note, this amounted in substance to a plea of non est factum, and the burden of proof was upon the plaintiff to prove the execution of the note as sued upon; and the charge of the court to this effect was not erroneous. *Stanton* v. *Burge,* 34 *Ga.* 435; *Winkles* v. *Guenther,* 98 *Ga.* 472 (25 S. E. 527); *Planters' & Mechanics' Bank* v. *Erwin,* 31 *Ga.* 371; *Wheat* v. *Arnold,* 36 *Ga.* 479; *Thrasher* v. *Anderson,* 45 *Ga.* 544.

5. A general exception to the charge of the court, without setting forth the excerpt objected to, will not be considered. *Beaudrot* v. *State,* 126 *Ga.* 579 (55 S. E. 592).

6. Where the trial judge, in closing his charge to the jury, instructed them, in substance, that if they found that a preponderance of the evidence was in favor of the contentions of the plaintiff, it was their sworn duty to find a verdict for the plaintiff, but, on the other hand, if they found that the preponderance of the evidence was not for the plaintiff, but for the defendant, then it would be their sworn duty, as it should be their pleasure, to return a verdict for the defendant, the instruction was not rendered erroneous by the use of the word "pleasure," in referring to a verdict for the defendant, though the word was not used also in referring to a finding for the plaintiff. Although the plaintiff was a man and the defendant a woman, the use of the word "pleasure," in the connection above indicated, did not tend to improperly influence the finding of the jury in behalf of the woman.

7. No error of law appears, of sufficient gravity to warrant another trial, and there is evidence to support the verdict.        *Judgment affirmed.*

DECIDED JULY 5, 1910.

Complaint; from city court of Richmond county—Judge Eve. November 30, 1909.

*W. L. & Warren Grice, James M. Hull Jr.,* for plaintiff.

*Hamilton Phinizy,* for defendant.