### 4441.    MOSS *v.* MYERS *et al.*

1. A decision rendered by a majority of the Justices of the Supreme Court is as binding upon the Court of Appeals as a precedent as if it had been rendered by a full bench.
2. The bill of exceptions in this case appears on its face to have been signed by counsel for plaintiff in error, but there is nothing therein to indicate the date upon which the signature was affixed. The clerk of the trial court attached a certificate that the bill of exceptions was the true original bill of exceptions filed in his office. A motion to dismiss the writ of error was made, upon the ground that at the time the bill of exceptions was certified by the trial judge, it had not been signed by the plaintiff in error or his counsel. This motion was sup-

ported by affidavits of counsel for the defendant in error and the judge who certified the bill of exceptions. The motion to dismiss was duly served upon counsel for the plaintiff in error, and the facts set forth in these affidavits were not denied. *Held,* upon the authority of *Sumner* v. *Sumner,* 116 *Ga.* 798 (43 S. E. 57), and *O'Connell* v. *Friedman,* 117 *Ga.* 948 (43 S. E. 1001), that the writ of error must be dismissed.

DECIDED DECEMBER 21, 1912.

Motion to dismiss writ of error.

*R. D. Smith, Smith, Hammond & Smith,* for plaintiff in error.
*Fulwood & Skeen,* contra.

POTTLE, J. Upon the call of this case in the Court of Appeals, a motion was made to dismiss the writ of error, upon the ground that at the time the presiding judge certified the bill of exceptions, it had not been signed either by the plaintiff in error or his counsel. In support of this motion the defendant in error tendered an affidavit of L. P. Skeen, Esq., one of his counsel, who deposed that after the judge had certified the bill of exceptions, the deponent examined the same in the clerk's office, and ascertained from an inspection thereof that it had not been signed either by the plaintiff in error or his counsel. There was also an affidavit of the presiding judge, Hon. R. Eve, to the effect that when he certified the bill of exceptions, it had not been signed by the plaintiff in error or his counsel, but that the deponent directed the clerk to call the attention of counsel for the plaintiff in error to the fact that he had not signed the bill of exceptions.

The motion to dismiss the writ of error must be sustained, upon the authority of *Sumner* v. *Sumner,* 116 *Ga.* 798 (43 S. E. 57), where it was held, that "a paper purporting to be a bill of exceptions, but not signed by the plaintiff in error or his counsel when certified by the trial judge, is not a legal bill of exceptions, and can not, over objection, be amended in the Supreme Court by attaching counsel's name thereto. Upon motion it will be dismissed." See, also, to the same effect, *O'Connell* v. *Friedman,* 117 *Ga.* 948 (43 S. E. 1001). The bill of exceptions appears on its face to have been signed by counsel for the plaintiff in error, and the clerk of the trial court attached to the bill of exceptions a certificate that "the foregoing is the true original bill of exceptions filed in this office in the case therein referred to." It is contended by counsel for the defendant in error that, as the Court of Appeals has no original jurisdiction, and therefore no power to determine

any disputed issue of fact in reference to a question of practice in that court, and as the bill of exceptions appears on its face to have been signed, and the clerk certifies that the bill of exceptions is the true original bill of exceptions filed in his office, this court is without power to find as a fact that the bill of exceptions was not signed in due time, and must accept the record as importing absolute verity.

The difficulty with this contention is that the decisions of the Supreme Court are binding as precedents upon this court, and this is true whether the decisions relate to a matter of practice or to a substantive rule of law. In the *Sumner* case, above cited, the bill of exceptions appeared on its face to have been signed by counsel for the plaintiff in error. The clerk certified that "the foregoing is the true original bill of exceptions filed in this office [in the case] of S. J. Sumner *v.* J. L. Sumner, therein referred to." A motion to dismiss the writ of error was made, on the ground that at the time the bill of exceptions was certified, it had not been signed by plaintiff in error or his counsel. The only evidence offered in support of this motion in the Supreme Court was the affidavits of Samuel S. Bennet, Esq., one of the counsel for the defendant in error, and Hon. W. N. Spence, the judge who certified the bill of exceptions. These affidavits were not disputed by the plaintiff in error or his counsel, and the Supreme Court accepted and acted upon the statements therein contained. The situation here is exactly the same. The motion to dismiss was served upon counsel for the defendant in error. By his silence and his failure to contest the statements of fact contained in the affidavits of Mr. Skeen and Judge Eve, he must be held to have admitted the truth of these statements. So that, whether the decision in the *Sumner* case be right or wrong, it is absolutely binding upon this court, and must be followed.

It is suggested by counsel for the defendant in error that the decision in the *Sumner* case was rendered by only five Justices. A decision rendered by a majority of the Justices of the Supreme Court is a decision of that court, and is as much binding upon the Court of Appeals as if it had been rendered by a full bench. As we understand the rule that prevails in the Supreme Court, a decision that is rendered by five Justices may be overruled in that court by four Justices, or perhaps by three Justices where only

four or five are presiding, and a decision rendered by a full bench can not be overruled except by unanimous consent. This, however, is a rule of practice which prevails only in the Supreme Court, and the Court of Appeals is expressly forbidden by the constitution of this State to decline to follow a decision of the Supreme Court which this court·deems controlling upon the question at issue, whether the decision is rendered by a full bench or merely by a majority of the Justices.

Moreover, there is no issue of fact raised upon the motion to dismiss for this court to determine. We perhaps would not hear evidence that the bill of exceptions had not been signed at all, because it purports to have been signed by the counsel for the plaintiff in error; but the signature is not dated, and there is nothing upon the face of the record to show affirmatively that the bill of exceptions was signed before it was certified by the judge. In the absence of proof to the contrary, this court would presume that the bill of exceptions had been signed in due course,—that is, before it was tendered to the judge for certification. The certificate of the clerk is not necessarily inconsistent with the affidavits of Mr. Skeen and Judge Eve. It contains no recital which necessarily implies that the bill of exceptions was signed before it was certified by the judge. Indeed, it may have been signed before it was filed in the clerk's office, ·and yet be absolutely void because not signed before it was certified by the judge. All that the clerk's certificate really means is that the document which he transmits to this court as a bill of.exceptions is the document which appeared of file as such in his office at the time his certificate was made.

Counsel for the defendant in error places reliance upon the decision of the Supreme Court in *Georgia, Florida & Alabama Railroad Co.* v. *Lasseter*, 122 *Ga.* 679 (51·S. E. 15). In that case an affidavit was entered upon the original bill of exceptions that a true and exact copy of the same had been served by the affiant. upon the defendant in error. A motion was made to dismiss the writ of error, upon the ground that the paper served on the defendant in error was not a true copy of the original, it not appearing to have been certified by the trial judge, the certificate not being dated, and there being nothing on the copy to indicate that it had ever been presented to the presiding judge. The Supreme Court, treating this motion as in the nature of a traverse of the

affidavit of service, passed an order directing that an issue upon the question of service or no service be made up and tried by a jury in the trial court. This was done, and the jury found that service had not been perfected as required by law. Upon a return of this finding, the Supreme Court, upon further consideration, held that since a return of service at common law was conclusive and not traversable, and inasmuch as the statue of this State which authorized such returns to be traversed was not broad enough to confer upon the Supreme Court power to entertain and try a traverse of a return of service on a bill of exceptions, that court could neither try such an issue itself nor delegate to an inferior tribunal the authority to do so. In the course of the opinion Mr. Justice Evans uses this language: "The jurisdiction of this court then arises upon a record consisting of an original bill of exceptions, with a return of service duly entered thereon, and a certified transcript of the record in the trial court. Such a record imports absolute verity, and can not be contradicted by aliunde proof." This broad language must be construed in the light of the question then being dealt with. The decision in *Sumner* v. *Sumner,* supra, was not adverted to; nor is there anything in the opinion, when construed in the light of the question decided, which is inconsistent with the decision of the Supreme Court in the *Sumner* case.

The case of *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922), is also relied on by counsel for defendant in error. In that case it was simply held that a judgment of the Supreme Court which had been obtained by fraud practiced upon the court by means of an entry of acknowledgment of service, placed on the bill of exceptions, without the authority or consent of the defendant in error or his counsel, could be set aside by the superior court. Following this decision, it may be that, since the bill of exceptions in the present case is an absolute nullity because not signed by the plaintiff in error or his counsel before it was certified by the judge, if this court should render a judgment upon the merits, and the defendant in error should not discover until after the rendition of such judgment that the bill of exceptions had not been signed in due time, he could, by a petition in equity, have the judgment of the Court of Appeals decreed to be void. But this is not his exclusive remedy. Indeed, having discovered before the case reached

this court that neither the plaintiff in error nor his counsel had signed the bill of exceptions before it was certified, the defendant in error adopted the correct course in bringing the matter to the attention of this court, and, upon the authority of the decisions of the Supreme Court above cited, which we regard as absolutely controlling, the writ of error must be dismissed.

*Writ of error dismissed.*