5502. BUTLER & COMPANY *v.* STRICKLAND-TILLMAN HARDWARE COMPANY.

1. While, under the provisions of section 5656 of the Civil Code, a motion to open a default is addressed to the discretion of the court, it was, legally an abuse of discretion to refuse to open a default where the suit was for the purchase-price of a farm implement, sold upon an implied warranty that it was reasonably suited for a single and particular purpose, and where it appeared, from the showing made in support of the motion to open the default, that the consideration had failed, but the fact of the worthlessness of the machine was not discovered, and could not have been discovered, until the defendant had sold the machine and the purchaser had discovered its worthlessness, after the appearance term of the court. In this case, so far as appears from the record, the costs were paid by the defendant, and all the other statutory requirements, relating to the opening of a default, were complied with, and the defendant should have been permitted to prove (if it could be proved) that there had been a total failure of consideration as to one of the articles itemized in the account stated. Though the defendant's failure to file a plea was not due to providential cause, or to excusable neglect, still the statute provides that when, from all the facts, a proper case has been made for the default to be opened, the discretion should be exercised so as to meet the ends of justice, and one who, ex æquo et bono, ought not to be required to pay for an article should not be forced so to do when he offers a just reason for non-payment at the very first opportunity afforded.

2. Judicial discretion is not an arbitrary power, and should be exercised "in a manner to subserve, and not to defeat, the ends of substantial justice." 3 Words & Phrases, 2098. An appeal to judicial discretion is an appeal to the judicial conscience. Where the evidence is undisputed, and the reasons for opening a default are sound in law, it is no longer a matter of discretion, but a matter of legal right, that the motion should prevail. Discretion should always be exercised liberally in behalf of substantial justice.

DECIDED SEPTEMBER 19, 1914.

Complaint; from city court of Hazlehurst—Judge Knox. September 20, 1913.

*Grant & Rogers,* for plaintiffs in error.

*J. Mark Wilcox,* contra.

RUSSELL, C. J. Strickland-Tillman Hardware Company sued Butler & Company, a partnership, upon an open account. One of the items in the statement of account attached to the petition was "one only 7-knife P. & O. stalk cutter, with neck-yoke and doubletree." Upon the call of the appearance docket of the city court, at the October term, 1913, the case was marked in default. At the June term, 1914, the defendants appeared in court, and, after hav-

13

ing paid the costs, filed and offered a motion to open the default. They offered in support of the motion the testimony of Charles H. Butler, a member of the defendant partnership, who testified that at the time of the service of the suit, and at the appearance term in October, 1913, the defendants knew of no defense, as they had not then sold the stalk-cutter embraced in the account; that after the case was marked in default they sold the stalk-cutter to George C. Parrish for $25; that Parrish took it to his farm and tried it, and brought it back, stating that it would not cut stalks or do the work for which he purchased it; that the defendants took it back, and it was a "clear loss" to them. It was further shown to the court that the defendants were ready to plead, and they did tender, a defense substantially in accord with the facts stated by Butler, and announced ready for trial. It appears, from the bill of exceptions, that the movants were also ready to produce the evidence of George C. Parrish, the purchaser of the stalk-cutter, in support of the validity of the plea, but the court, without hearing the evidence of Parrish, overruled the motion to open the default. Exceptions to this ruling were preserved pendente lite. After overruling the motion to open the default, the court entered up judgment by default in favor of the plaintiffs, for the amount of the account in full.

We think the court erred in refusing to allow the default to be opened. It is true, under the provisions of section 5656 of the Civil Code, motions to open defaults are addressed to the discretion of the court. But, in the administration of justice, judicial discretion extends to and should be exercised in extraordinary instances as well as in ordinary cases; for an appeal to judicial discretion is an appeal to the judicial conscience, and in the exercise of its discretion it is the duty of the court to see to it that the power with which it is thus clothed is used in such manner as to subserve and not to defeat substantial justice. It is true that the reason for opening the default, presented by the defendant, did not come under the head of providential cause; nor was the failure to file a plea due to excusable neglect; but the exercise of the discretion referred to in section 5656, supra, is not confined to these two instances alone, for it is expressly provided that a default may be opened "where the judge, from all the facts, may determine that a proper case has been made for the default to be opened, on terms to be fixed by the court." Of course it is always necessary that

"the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial;" but all of these formal prerequisites were complied with in the present instance; and so the single question raised by the present record is whether a default ought to be opened where it appears that the defendant had a good defense at the appearance term, but did not know that he had a defense and could not, in the ordinary course of events, have known that such was the case.

According to the uncontradicted showing before the court, here was a partnership which had purchased a certain agricultural implement, represented to be serviceable for a certain specific purpose, and which the purchasers in good faith believed represented a consideration to the extent of its purchase-price, included in the account sued on. In that state of the case they very properly determined to avoid putting the opposite party to unnecessary delay, and the court and country to trouble and expense, by filing a plea. But after the appearance term had passed, in the ordinary course of business they sold the implement, and it developed, according to the plea and the uncontradicted evidence offered upon the showing, that there was a total failure of consideration as to this article included in the plaintiff's account, which, if established upon the trial, would have authorized a reduction pro tanto in the amount of the plaintiff's recovery. It can not be said that if the state of facts set forth in the plea had developed before the appearance term the defendants would not have had the right and been fully justified to set up the defense of failure of consideration. And since it is plainly made to appear to the court that the defendants did not know of the worthlessness of the stalk-cutter until after the appearance term, it seems to us that if they availed themselves of the first opportunity, after they became cognizant of the facts, to present a valid defense, they should be permitted to do so. If the stalk-cutter is worthless, the defendants should not be compelled to pay for it, whether the fact that such was the case developed before or after the appearance term. Unless the defendants had made it appear to the court that the failure of consideration was not apparent until after the appearance term, it might be presumed that it was apparent before, and that the defendants, with either actual or constructive knowledge of the fail-

ure of consideration, waived it by failing to file a defense at the appearance term. But when it is made plainly to appear that the defendants did not know of the failure of the consideration, and, consequently, did not know of a defense at the appearance term, no implication of the waiver arises. It is manifest that cases similar to the one now before us must necessarily be rare. Whether the defendants can sustain their defense by credible testimony will be a question for determination by a jury, but every principle of justice would require that if the facts stated by the defendants in the plea they offered to file be established, the plaintiff should not be permitted to recover for a worthless article sold to the defendants, unless it be shown that they purchased it at their own risk, waiving the implied warranty that it should be reasonably suited to the purpose for which it was intended.

*Judgment reversed. Roan, J., absent.*