## 26290. BRADLEY et al. v. HENDERSON.

BROYLES, C. J. 1. "At the trial term the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, *or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court.* In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." (Italics ours.) Code, § 110-404. This section "should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by a reviewing court, unless manifestly abused to the injury of the plaintiff." *Thompson* v. *Kelsey*, 8 *Ga. App.* 23 (68 S. E. 518), and cit.

2. Under the foregoing ruling and the facts of the instant case, it does not appear that the judge abused his discretion in opening the default and permitting the defendant to file his answer, or thereafter in denying the plaintiffs' motion to vacate the order opening the default. This being true, the assignment of error on the direction of a verdict for the defendant, and on the verdict and judgment, is without merit. The assignment of error is as follows: "To this order and decision complained of [the order opening the default and the overruling of the motion to vacate that order] plaintiffs in error except and say that same was vital and controlling in effect, as they contend, that it entered into and affected the further progress and final result of the case and resulted in an erroneous verdict and judgment against plaintiffs in error, for that the final judgment was erroneous and wrong both on the law and facts and without law and facts to support it, because said erroneous ruling and order entered into the verdict and judgment, controlled the verdict and judgment; and for this reason plaintiffs in error contend that said verdict and judgment could not be and were not a legal termination of the case." *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 2, 1937.

*David F. Pope,* for plaintiffs. *S. W. Fariss,* for defendant.