Green v. Whitehead, administrator, *et al.*

Duckworth, Chief Justice. Mrs. Mollie Green filed a petition in the Superior Court of Floyd County to recover from Citizens Federal Savings and Loan Association a deposit placed therein by her deceased

brother, P. H. Whitehead, together with certain dividends; alleging in count one a gift in praesenti, and in count two a gift causa mortis by delivery of his "savings share account" book to her. On June 23, 1947, on petition and prayer of the bank, and after a hearing on a rule nisi, the court made the administrator of the intestate brother of the petitioner a party defendant and ordered him to file by July 21, 1947, his pleadings and claim to the fund. On July 17, 1947, the administrator filed "his claim to said fund," adopting all of the allegations of "his answer as set forth in answer to the original cross-bill for intervention in this case," and also adopting "all of the grounds of demurrer heretofore filed by him." However, neither a claim nor a demurrer had in fact been theretofore filed. On October 23, 1947, the administrator filed a written motion to reopen the "default" for answer and demurrer, setting up that one of the administrator's counsel had delivered to the other counsel a timely answer and demurrer for filing in court, but that such other counsel became seriously ill and was confined in a hospital from July 9, 1947, until July 23, 1947, and was not permitted to see any person until July 20, 1947. The court reopened the default and permitted the administrator to file an answer and demurrer immediately. The petitioner excepted pendente lite. The administrator thereupon, on October 23, 1947, demurred generally and specially to the petition and also filed his answer. On March 6, 1948, the court, in a ruling on the demurrer of the administrator, ordered that the petitioner amend by March 20, 1948, setting forth a copy of the "savings share account," or else the demurrer is sustained and the petition stands dismissed. By a further order the petitioner was allowed until April 3, 1948, to amend. The petitioner having failed to amend as required, the court, on April 3, 1948, sustained the administrator's demurrer and dismissed the action. The exception here is to the order reopening the default and permitting the administrator to plead and answer and to the judgment sustaining the demurrer. *Held:* To authorize a court to set aside a default judgment because of illness of the defendant's counsel, it must be shown that such counsel notified the court of his condition or was by the severity of his illness unable to do so himself or through others, and that the defendant was not negligent in keeping up with the progress of the case. *Blanch* v. *King,* 202 *Ga.* 779 (44 S. E. 2d, 779). While counsel treat the case as if the administrator was in default in setting up a claim to the fund, the record shows that on July 17, 1947, the administrator filed "his claim to said fund;" but whether or not, in the absence of a special demurrer, this constitutes a sufficient claim, and in that respect complies with the order of the court, need not be decided, since the requisite diligence in filing the demurrer, the sustaining of which terminated the case, is not shown. Under the new rules of procedure in the trial court (Ga. L. 1946, pp. 761, 773; Code, Ann. Supp., § 81-301), "All demurrers and pleas of the defendant shall be filed on or before the time stated in the process as the appearance day." To illustrate: Upon the filing of the petition the court ordered the defendant bank "to appear at the superior court to be held in and for said county within 30 days from the time of service of the within petition." The record shows that service was perfected upon the bank on April

1, 1947. Therefore, the appearance day for the bank was at any time before May 1, 1947, and any demurrer filed by the bank after that time would have been too late. The administrator was not an original defendant, but was made a defendant on June 23, 1947, upon the answer and prayer of the bank for interpleader, and was ordered to "file his pleadings and claim to said fund on or before the 21st day of July, 1947. As to that defendant, therefore, any pleadings after July 21, 1947, would be too late. Aside from not showing that a member of counsel, who was not ill and who prepared the necessary pleadings and delivered them to the member who later became ill, could not have obtained, if necessary, further time in which to comply with the court's order to file the demurrer by July 21, 1947, it does not appear that the defendant administrator could not himself have apprised the court of the illness of one of his counsel and have obtained an extension of time in which to demur to the petition. Accordingly, under the authority above cited, the court abused its discretion in reopening the default as to the filing of the general demurrer, and all proceedings thereafter were nugatory.

(a) The act of 1946 (Ga. L. 1946, pp. 761, 778), amending the Code, § 110-404, to the extent of providing that a default may be reopened at any time before final judgment, did not enlarge the discretion of the trial judge, which must always be exercised in accordance with law.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16310. SEPTEMBER 14, 1948.

*S. W. Fariss, Maddox & Maddox,* for plaintiff in error.

*Graham Wright, Wright, Rogers, Magruder & Hoyt, Barry Wright, Rosser & McClure,* and *G. W. Langford,* contra.