37631.   HAYNES *v.* SMITH.

Decided April 21, 1959.

434

*Howard Oliver, Jr.,* for plaintiff in error.

*Byrd & Quillian, J. E. Briscoe, Jr.,* contra.

TOWNSEND, Judge. ■ "The marking of the case in default is a judgment, but not a 'judgment by default'. At most, it can only be a judgment to the effect that the case is 'in default', and in no sense is it a rendition of a final judgment against the defendant in response to the prayers of the petition." *Love* v. *National Liberty Ins. Co.,* 157 *Ga.* 259, 262 (121 S. E. 648). Code (Ann.) § 110-404 provides as follows: "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious

defense, shall offer to plead instanter, and announce ready to proceed with the trial." The primary change in this Code section made by the Practice and Pleading Act of 1946 (Ga. L. 1946, pp. 761, 778) was to change the words "at the trial term" to "at any time before final judgment." The petition here was filed during the May term, became in default on August 30, and the motion to open the default was filed at the next term after service, or August term of court. The evidence on the trial of this issue included the following: "Q. Mrs. Smith, you received a copy of the petition in this case? A. Yes, sir, I did. Q. Did you look at it? A. I looked at it and saw it was to come up in November but I didn't look close into it . . . I read it through and then I looked on here and saw that it was to come up in November court and I thought I would have time to see a lawyer. Q. Have you ever been in court before? A. No, sir. Q. Did you come to see me a couple of weeks before November court? A. Yes, sir." The evidence further showed that the plaintiff lived in Walton County in an unincorporated area, that she had no telephone, that she worked at a textile plant at Porterdale from 11 p.m. to 7 a.m., had not been to Monroe from July until November, and that it was necessary for her to be at home during the daytime with her son, who was in a cast, while her husband was working.

As stated in *Brucker* v. *O'Connor*, 115 *Ga.* 95, 96 (41 S. E. 245): "While this section gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. 'Excusable neglect' does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a *reasonable excuse* for failing to answer." See also *Green* v. *Whitehead*, 204 *Ga.* 274, 276 (49 S. E. 2d 527); *McMurria Motor Co.* v. *Bishop*, 86 *Ga App.* 750 (1) (72 S. E. 2d 469). It is obvious from the above quoted testimony that the plaintiff did not wilfully disregard the process of the court, but that she was confused by wording on the backing of the petition referring to the November term of court, which, in Walton County, convenes on the third Mon-

day in November. The only question before this court, then, is whether the court, in the exercise of a sound legal discretion, was authorized to find the plaintiff's delay under the circumstances to constitute a reasonable excuse or whether he was bound, as a matter of law, to find that it constituted gross negligence. He did exercise his discretion by opening the default, and unless that action was so arbitrary, fanciful and capricious as to amount to an abuse of discretion, this court cannot interfere therewith. All of the other requirements of the Code section, as to payment of costs, offer to plead instanter, and an announcement of ready to proceed with the trial, were scrupulously observed. The rule is not as strict before final judgment as it is after such final judgment has been entered. Accordingly, *Blanch* v. *King*, 202 *Ga.* 779 (44 S. E. 2d 779); *Eady* v. *Napier*, 96 *Ga.* 736 (22 S. E. 684); *Ayer* v. *James*, 120 *Ga.* 578 (48 S. E. 154); *Lovelace* v. *Lovelace*, 179 *Ga.* 822 (177 S. E. 685), and *Hurt Bldg.* v. *Atlanta Trust Co.*, 181 *Ga.* 274 (182 S. E. 187), cited by the plaintiff in error do not apply, since they are all cases in which final judgment was entered. They all apparently deal with motions to set aside a judgment which were not filed until a subsequent term of court from that in which the judgment was rendered, and some of them sought to set aside judgments based on jury verdicts. The discretion of the trial court to open a default is greater before final judgment than after, and after judgment the discretion applies only to judgments entered within the same term of court and, even then, not to judgments which are founded on jury verdicts. For that reason cases dealing with motions to set aside final judgments should not be considered in applying Code (Ann.) § 110-404, which relates only to opening defaults before final judgment. Nor is it necessary to consider those cases where the discretion of the trial court was exercised against the opening of the default and such action was affirmed by the appellate courts. Cases dealing with the abuse of discretion by the trial court must necessarily stand on their own facts, and under the specific facts of this case, including the contradictory wording of the process and the petition backing, the plaintiff's unfamiliarity with legal processes, her lack of a telephone, the distance from her lawyer's office, and

also the exigencies imposed upon her by having to work at night and take care of her totally incapacitated son during the day together with her own resulting mental and physical strain, seem to this court sufficient to justify the trial court in finding that her failure to consult a lawyer until shortly before the commencement of the November term of court constituted excusable neglect rather than gross negligence.

In *Tedcastle & Co.* v. *Brewer & Co.*, 19 *Ga. App.* 650 (1) (91 S. E. 1051), the court held: "Section 5656 of the Civil Code of 1910 [Code, Ann., § 110-404] providing for the opening of defaults, should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff. *Thompson* v. *Kelsey*, 8 *Ga. App.* 23 (68 S. E. 518): *Bass* v. *Doughty*, 5 *Ga. App.* 458 (63 S. E. 516); *Brawner* v. *Maddox*, 1 *Ga. App.* 332 (58 S. E. 278); Polerack *v.* Gordon, 102 Ill. App. 356; *Tucker* v. *Harris*, 13 *Ga.* 1 (58 Am. Dec. 488); *Gray* v. *McNeal*, 12 *Ga.* 424; *Davis* v. *Bray*, 119 *Ga.* 220 (46 S. E. 90); *Birch* v. *Pope*, 114 *Ga.* 334 (40 S. E. 227)." It follows that this assignment of error is without merit.

■ ▪ As to the general grounds of the motion for new trial, there was evidence which would have authorized the jury to find, as set up in the defendant's petition to open the default and also in her answer, that the road in question was under construction but not closed to the public; that the plaintiff was operating one of a group of trucks which were hauling gravel and, at the point of intersection, customarily turned left on a road which terminated at the new highway, making a "T" intersection; that the defendant's son was not aware of the movement of the trucks; that he was not exceeding the speed limit as alleged; that on undertaking to pass the plaintiff's truck he blew his horn and the truck moved to the right-hand side of the road which defendant's son took as an indication that he was being given additional room to pass; that as he attempted to pass, the truck turned abruptly to the left and his car crashed into it; that the plaintiff's truck had no turn signal and the plaintiff either failed

438

to signal a left turn, or, if he did so, the body of the truck projected out to a distance which would prevent the operator of a car behind it from seeing the hand signal. The verdict was accordingly authorized by the evidence, and the general grounds of the motion are without merit.

The trial court did not err in any of the rulings complained of. *Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*