111 Ga. App. 681 (1965)
143 S.E.2d 3
STRICKLAND
v.
GALLOWAY.
41215.
Court of Appeals of Georgia.
Argued March 2, 1965.
Decided April 30, 1965.
Rehearing Denied May 13, 1965.
Albert E. Butler, for plaintiff in error.
Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, contra.
PANNELL, Judge.
Sidney E. Strickland brought an action against Dr. Ben T. Galloway in the Superior Court of Glynn County seeking damages for alleged malpractice. Upon failure of the defendant to file an answer as required by law the case was in default. Section 18 of the Rules of Procedure, Pleading and Practice in Civil Actions (Ga. L. 1953, Nov. Sess., pp. 440, 451; Code Ann. § 110-401). Prior to final judgment, but after the 15 days within which the default could have been opened as a matter of right, the defendant filed a motion to open the default, paid the cost, offered to plead a meritorious defense and announced ready for trial. The motion to set aside the default alleged substantially the following: that *682 the defendant was served on March 5, 1964; that the 30-day period for answering expired April 4, 1964, and the 15-day period during which defendant could have opened said default as a matter of right expired on April 19, 1964; that from March 5, 1964, through March 12, 1964, defendant was engaged in taking care of his patients and performing operations with the local hospital and at his office; from March 13, 1964, through March 20, 1964, he attended a meeting of the Board of the College of Surgeons in New Orleans, La.; from March 21st through April 13, 1964, he attended his patients and performed surgical operations; and on said last day left for Washington, D. C. as a representative of the local hospital in connection with work on building an addition and returned on April 16th, and after his return treated patients on that day and on April 17th. On April 17th, he left for Columbus, Ga., to attend a meeting of the Board of Directors of Blue Shield and returned on April 19th; that on February 10, 1964, he performed an operation on a relative who was returned to her home on February 23rd, and it was necessary for him to go to her home at Nahunta, Ga., on many different occasions "to treat and console" this relative who was extremely close to him and who subsequently died, causing him great pain and grief; that he was chief of the medical staff of the local hospital and during the period of time from March 5, through April 19, a walkout by the colored employees had occurred and it was necessary for him to devote much time and attention to this major problem; that he had frequent meetings with the executive committee of the medical staff with the local hospital authority members, and many informal meetings and conferences with the hospital administrator; that the many problems involved caused mental grief and anguish to defendant; that he spent much time in working and studying on the plans for the addition to the hospital and met with committees several times during this period; that as a result of all of the above facts, the defendant had been mentally and physically burdened by the press of his patients' care and welfare, by the demands of his medical practice, by the obligations and responsibilities imposed upon him as chief of staff of the local hospital and by the sickness, operation and death of his close relative, to the point that he had reached mental exhaustion; that he found that he was unable to care for and attend to his personal business and was mentally unable *683 to cope with many matters not relating directly to his obligations to his patients and the hospital; that his mental condition in this respect caused him to fail to answer plaintiff's complaint within the time required by law.
The trial court granted the motion to open the default, the case was tried, verdict and judgment were rendered for the defendant, and the plaintiff brought his case to this court assigning error on the overruling of a motion to dismiss the motion to open the default and to the overruling of his motion for new trial; however, the motion for new trial is abandoned in his brief in this court on all grounds other than as might be affected by the ruling on the motion to open the default. Held:
"At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on the terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." Rule 21 of the Rules of Procedure, Pleading and Practice in Civil Actions (Ga. L. 1946, pp. 761, 778; Code Ann. § 110-404). The discretion of the trial court to open a default is greater before a final judgment than after, Brucker v. O'Connor, 115 Ga. App. 95, 96 (41 SE 245), and the above Code section "providing for the opening of defaults, should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff. Thompson v. Kelsey, 8 Ga. App. 23 (68 SE 518); Bass v. Doughty, 5 Ga. App. 458 (63 SE 516); Brawner v. Maddox, 1 Ga. App. 332 (58 SE 278); Polerack v. Gordoin, 102 III App. 356; Tucker v. Harris, 13 Ga. 1 (58 AD 488); Gray v. McNeal, 12 Ga. 424; Davis v. Bray, 119 Ga. 220 (46 SE 90); Birch v. Pope, 114 Ga. 334 (40 SE 227)." Tedcastle & Co. v. Brewer & Co., 19 Ga. App. 650 (1) (91 SE 1051). See also Butler & Co. v. Strickland-Tillman Haw. Co., 15 Ga. App. 193 (82 SE 815); Sherman v. Stephens, 30 Ga. App. 509, 518 (118 SE 567); *684 Bryant v. Elberton &c. R. Co., 20 Ga. App. 586 (93 SE 219); Haynes v. Smith, 99 Ga. App. 433 (108 SE2d 772); Swain v. Harris, 101 Ga. App. 263 (113 SE2d 467); First Nat. Ins. Co. of America v. Thain, 107 Ga. App. 100 (129 SE2d 381); Kellam v. Todd, 114 Ga. 981 (41 SE 39); Brucker v. O'Connor, 115 Ga. 95, 96, supra; Ingalls v. Lamar, 115 Ga. 296 (41 SE 573); Green v. Whitehead, 204 Ga. 274 (49 SE2d 527).
Whether or not sufficient facts were alleged to authorize the exercise of discretion by the trial court on the grounds of providential cause or excusable neglect, the facts alleged in the motion for the opening of the default were sufficient to authorize the exercise of the trial judge's discretion under the third ground "where the judge, from all the facts, may determine that a proper case has been made for the default to be opened." Butler & Co. v. Strickland-Tillman Hdw. Co., 15 Ga. App. 193, supra; Sherman v. Stephens, 30 Ga. App. 509, 518, supra. No injury to plaintiff is shown where there was no delay in the trial of the case and where upon the trial there was a verdict for the defendant and the exception to the refusal to grant a motion for new trial is based solely on the alleged error in the antecedent ruling opening the default. See Bradley v. Henderson, 56 Ga. App. 488 (2) (193 SE 79).
Judgment affirmed. Bell, P. J., Jordan, Hall, Eberhardt and Russell, JJ., concur. Felton, C. J., Nichols, P. J., and Frankum, J., dissent.
NICHOLS, Presiding Judge., dissenting. "1. Code § 110-404, as amended by the act of 1946, provides: `At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to *685 proceed with the trial.' See Code Ann. Supp. § 110-404. "The Act of 1946 (Ga. L. 1946, pp. 761, 778), amending the Code, § 110-404, to the extent of providing that a default may be reopened at any time before final judgment, did not enlarge the discretion of the trial judge, which must always be exercised in accordance with law.' Green v. Whitehead, 204 Ga. 274, 276 (a) (49 SE2d 527). `While this section gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. "Excusable neglect" does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer.' Brucker v. O'Connor, 115 Ga. 95, 96 (41 SE 245). . . Even illiteracy does not excuse one from using diligence to ascertain correctly the contents of a notice duly served. Sutton v. Gunn, 86 Ga. 652, 658 (12 SE 979)." McMurria Motor Co. v. Bishop, 86 Ga. App. 750, 754 (72 SE2d 469).
Where a motion to open a default shows as a matter of law that a case is, or is not, made to open a default the trial court has no discretion but must act in accordance with the law. See Butler & Co. v. Strickland-Tillman Hdw. Co., 15 Ga. App. 193 (2) (82 SE 815); Davison-Paxon Co. v. Burkart, 92 Ga. App. 80, 84 (88 SE2d 39).
The affidavit of the defendant physician in the present case shows him to be a busy man. He set forth in detail the number of patients he treated both in and out of the hospital as well as the numerous surgical operations he performed during the forty-five day period when he could have filed an answer as a matter of right. He also set forth various meetings he attended both within and without the State dealing both with his private practice as well as his role as chief of staff of a hospital, and the fact that prior to the service of the petition he performed surgery upon his great aunt who later died causing him great grief. The defendant then alleges: "As a result of the facts set forth in the foregoing paragraphs, defendant shows that he had been mentally and physically burdened by the press of his patients' care and welfare, by the demands of his medical practice, by the obligations and responsibilities imposed upon him as Chief of *686 Staff of Glynn-Brunswick Memorial Hospital, and by the sickness, operation and death of his great-aunt, Mrs. Mamie Knox, to the point that he had reached mental exhaustion. Defendant found that he was unable to care for and attend to his personal business and was mentally unable to cope with many matters not relating directly to his obligations to his patients and the hospital. Defendant's mental condition in this respect caused him to fail to answer plaintiff's complaint within the time required by law, but defendant believes, as is set forth below, that he has a meritorious defense to plaintiff's complaint and is ready to proceed with the trial of this matter immediately."
The defendant makes no showing that he did not know of his duty to file defensive pleadings, nor does he show that the "mental exhaustion" prohibited him from carrying on his daily pursuits. The affidavit does show that the defendant made a choice, the choice of continuing his daily pursuits and ignoring the process requiring him to answer the plaintiff's complaint, which shows no excusable neglect, no providential cause and no proper case for opening the default.
The press of business, even when accompanied by a mistaken belief as to the time when defensive pleadings may be filed is no ground to open a default. See Swain v. Harris, 101 Ga. App. 263 (113 SE2d 467).
The judgment of the trial court overruling the plaintiff's motion to strike the defendant's petition to open the default should have been sustained.
I am authorized to state that Felton, C. J., and Frankum, J., concur in this dissent.