## 46780.   CLEMENTS v. UNITED EQUITY CORPORATION et al.

HALL, Presiding Judge. Plaintiff appeals from an order opening a default and allowing the defendant to file defensive pleadings. The court certified the order for immediate review.

Under *Code Ann.* § 81A-155 (b), any time before final judgment the court in its discretion may open a default "where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened." Where, as here, the defendant has complied with all the conditions (payment of costs, offer to plead a meritorious defense instanter and to announce ready for trial) the court has wide discretion with which this court will not interfere unless manifestly abused.

This principle is not only embodied in the statute, but has been a matter of policy in this State for many years. "Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice require it.

This may be said to be the general policy of the law. Our statutes for opening defaults well indicate this policy." *Bass v. Doughty*, 5 Ga. App. 458, 460 (63 SE 516). See also *Butler & Co. v. Strickland-Tillman Hardware Co.*, 15 Ga. App. 193 (82 SE 815); *Strickland v. Galloway*, 111 Ga. App. 683 (143 SE2d 3).

Cases which appear to deny this broad discretion usually involve the setting aside of a judgment, albeit default, which is governed by other policy considerations and other statutes. Our law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights. See *Cravey v. C. & S. Nat. Bank*, 110 Ga. App. 284 (138 SE2d 321); 6 Moore's Federal Practice 1827, § 55.10[1]. There is also a difference between the tests for opening a default under the first two grounds of the statute (providential cause and excusable neglect) and that of the ground here. The former grounds have been narrowly defined in case law and do not allow the exercise of the broad discretion of the latter. *Strickland v. Galloway*, 111 Ga. App. 683, supra.

The facts here indicate no abuse of discretion.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED JANUARY 7, 1972—DECIDED MARCH 16, 1972.

*Travis, Tarver & Furlong, Thomas A. Travis, Jr.*, for appellant.

*Bell, Cory & Desiderio, Ruby Carpio Bell*, for appellees.