### 47305. BROADAWAY v. THOMPSON.

STOLZ, Judge. The plaintiff appeals from orders entered on April 21, 1972, opening a default prior to final judgment and allowing the defendant to file defensive pleadings. The court certified the orders for immediate review.

Under *Code Ann.* § 81A-155 (b) (Ga. L. 1966, pp. 609, 659, as amended), any time before final judgment the court in its discretion may open a default "where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened." Where, as here, the defendant has complied with all the conditions (payment of costs, offer to plead a meritorious defense instanter and to announce ready for trial), the court has wide discretion, with which this court will not interfere unless manifestly abused. The exercise of the broader discretion

under this ground than under the first two grounds of the statute (providential cause and excusable neglect) constitutes the general policy of our law, as indicated and embodied in our statutes for opening defaults. See *Clements v. United Equity Corp.*, 125 Ga. App. 711 (188 SE2d 923) and cit.

The grounds of the motion to set aside the default, were substantially that. the defendant left the papers served on her in the action on December 14, 1971, with an attorney whom she sought to represent her; that after a day or two he declined to represent her, returning the papers to her; that, although the summons advised her to file an answer within 30 days after service thereof, the summons contained no date of service or signature of the serving officer; that the defendant, "a divorced woman who is unskilled in the conduct of lawsuits," was not advised by the attorney she had consulted as to when an answer must be filed; that information on the cover of the complaint led her to believe that the case was to be tried during the March term, 1972, of court; that the court clerk's office informed her that "the cases" were being put on the docket; that she then contacted the judge, who advised her to obtain counsel; that, throughout the time after service of the complaint, she conversed with the Farmer's Home Administration's Albany office, which informed her that there had never been a final inspection completed on the house being constructed for her by the plaintiff, who had brought the present action to recover the balance due under the construction contract (the plaintiff's breach of which was alleged in the defendant's defensive pleading).

Although the trial judge would have been justified in disallowing the opening of the default under the defendant's showing; nevertheless, the conclusion is not demanded that his broad discretion, whether it was based on the third statutory ground or another, was "manifestly abused, to the injury of the plaintiff." *Strickland v. Galloway*, 111 Ga. App. 683, 685 (143 SE2d 3), citing *Ted-*

*castle & Co. v. Brewer & Co.*, 19 Ga. App. 650 (1) (91 SE 1051), inter alia.

*Judgment affirmed. Bell, C. J., concurs. Evans, J., concurs specially.*

ARGUED JULY 5, 1972—DECIDED NOVEMBER 1, 1972—
REHEARING DENIED NOVEMBER 21, 1972.

*Eugene C. Black, John L. Tracy*, for appellant.

*Smith, Gardner, Wiggins, Geer & Brimberry, Jerry W. Brimberry*, for appellee.

EVANS, Judge, concurring specially. This is a case where a default was opened on order of the judge of superior court. I concur in the judgment simply because there is no transcript of the evidence brought to this court which would allow us to determine exactly what evidence the judge of the lower court had before him upon which to predicate his decision. It has been held repeatedly that in such cases the judgment of the lower court must be affirmed. *Smith v. Smith*, 223 Ga. 795 (2) (158 SE2d 679); *Brown v. State*, 223 Ga. 540 (2) (156 SE2d 454); *Reid v. Wilkerson*, 223 Ga. 751 (2) (158 SE2d 241). A judgment is presumed to be supported by every essential element necessary to the validity of said judgment. *Mitchell v. Arnall*, 203 Ga. 384 (5) (47 SE2d 258).

Broadaway sued Mrs. Thompson in Dougherty Superior Court and summons was served on her on December 14, 1971. She consulted a lawyer, who shortly thereafter declined to represent her, after which she took no further action until April 19, 1972, when she moved to open the default, asserting that she was "a divorced woman who is unskilled in conducting lawsuits." (No one except attorneys is skilled in conducting lawsuits, so this afforded no excuse whatever). Being divorced, she had been in court at least one time before. The summons instructed her to answer within 30 days, and the statute thereafter allowed 15 days in which to pay costs of court and file defensive pleadings. Both the 30-day period and the additional 15-day period had expired on January 28, 1972; and defendant

waited thereafter for 74 days, and until April 19, 1972, before moving to open the default. The record does not show that she offered any plausible excuse whatever for this delay of 74 days (although we do not know what evidence may have been presented to the judge of the lower court in this regard).

The statute as to opening defaults was enacted in 1895, although it has had several different Code section numbers, to wit: 5656 (Code of 1910); 110-404 (Code of 1933) and 81A-155 (b) (Civil Practice Act, effective Sept. 1, 1967; Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). Three grounds are set forth therein for opening default, to wit: (1) providential cause; (2) excusable neglect; (3) where the judge from all the facts shall determine that a proper case has been made for the default to be opened.

A casual reading of the third ground would appear, at first blush, to place unlimited and unbounded discretion in the judge to allow the default opened, even where there is no providential reason and even where gross negligence may characterize the conduct of the dilatory defendant. Historically, this court has given a liberal interpretation to this statute, and has often allowed defaults opened under the third ground, even where providential cause and excusable neglect were absent. See *Brawner v. Maddox,* 1 Ga. App. 332 (5) (58 SE 278), decided in 1907; *Thompson v. Kelsey,* 8 Ga. App. 23 (68 SE 518), decided in 1910; and the quite recent case of *Clements v. United Equity Corp.,* 125 Ga. App. 711 (188 SE2d 923), decided in 1972. But the trend of the Supreme Court of Georgia has been to require a strict construction of the statute, holding that unless there is providential cause or excusable neglect, the trial judge abuses his discretion in allowing the opening of the default. *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245), decided in 1902; *Green v. Whitehead,* 204 Ga. 274, 276 (49 SE2d 527), decided in 1948; and *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539), decided in 1969. The only reasonable construction of the statute is that adopted by the Supreme Court of Georgia, as otherwise the

third ground of the statute (*Code Ann.* § 81A-155 (b), supra) would simply leave it to the trial judges to open some defaults and not to open others, with no guidelines provided. In effect the Supreme Court is saying there must be providential cause or excusable neglect, and any action going beyond those guideposts is an abuse of discretion. As Justice Nichols aptly states in the recent *Sanders* case, supra: "If such an excuse as this should be adjudged a sufficient one to authorize the opening of a default, there would be few cases in which default judgments could not be set aside." And yet, much stronger excuse was offered in the *Sanders* case than in the case sub judice. Neither the Court of Appeals nor the Supreme Court has been absolutely consistent in its holdings, but the trend in the Court of Appeals has been to accord a liberal construction to the statute in question, while the trend in the Supreme Court has been to require same construed strictly. The Supreme Court's construction is correct; but whether it is correct or not, this court is bound by the decision of the Supreme Court, as to decisions by a divided bench. *Moss v. Myers*, 12 Ga. App. 68 (1) (76 SE 768); *Life Ins. Co. of Ga. v. Lawler*, 211 Ga. 246, 251 (85 SE2d 1).